STATE *v.* MARGAY OIL CORPORATION.

STATE *v.* ENFISCO OIL CORPORATION.

Opinion delivered February 2, 1925.

1. TAXATION—VALIDITY OF FRANCHISE TAX.—Acts 1923, p. 317, providing that for the purpose of the franchise tax the par value of the stock of corporations without nominal or par value "shall be taken to be of the value of $25 each," does not impose a tax upon property of foreign corporations outside the State, since Crawford & Moses' Dig., § 9802, provides that foreign corporations shall pay such tax only upon the proportion of the subscribed stock employed within the State.

2. TAXATION—BURDEN ON INTERSTATE COMMERCE.—Acts 1923, p. 317, imposing a franchise tax upon the corporate stock of foreign corporations in proportion to the subscribed stock employed within the State, does not impose a burden upon interstate commerce.

3. TAXATION—POWER OF STATE TO CLASSIFY PROPERTY.—The State may make reasonable classifications of corporations for the purpose of regulation or taxation, and such classification will not be overturned by the court if all corporations of the same class are treated alike.

4. TAXATION—FRANCHISE TAX—DISCRIMINATION.—Acts 1923, p. 317, valuing the stock of all foreign and domestic corporations having no par value at $25 per share for the purpose merely of the franchse tax, is not invalid as discriminatory as compared with corporation of par value having the same amount of assets, since the former corporations voluntarily accepted the statutory basis of valuation in preference to stating the value of their shares in the certificate.

5. TAXATION—FRANCHISE TAX—CONFISCATION.—It cannot be contended that Acts 1923, p. 317, valuing the stock of all non-par corporations, for the purpose of the franchise tax, at $25 per share, is confiscatory, since only that portion of their stock is taxable which represents the investment and ownership of property in this State.

6. TAXATION—POWER OF STATE TO FIX VALUE OF CORPORATE FRANCHISE.—The State has the power to fix the method of ascertaining the value of a franchise and imposing a tax on that basis, provided it is a fair and just basis.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed

*J. S. Utley*, Attorney General; *Sam M. Wassell*, of counsel, for appellant.

The tax involved in this case is not a property tax, but only a franchise tax. 19 Cyc. 1456, 1463, and cases cited; 153 Ark. 114; 160 Ark. 17; 5 Ark. 591. On the question of the limits to which the Legislature may or may not go in the matter of establishing franchise or charter fees to be collected from corporations, foreign and domestic, in this State, for the franchise or right of conducting their operations within the State, and the construction of such statutes with reference to their constitutionality, see 82 Ark. 309; 2 Lewis' Sutherland on Statutory Construction, 948; 63 Ark. 576; Cooley's Constitutional Limitations, 6th, ed., 218; 3 Thompson on Corporation, 2nd ed. § 2921; 134 U. S. 594; 51 N. E. 924; 29 N. E. 812. The matter of fixing a franchise

tax is solely within the province of the Legislature, and objectors should seek relief from that body and not from the courts. 33 L. ed. U. S. Sup. Ct. Reports 594; 155 U. S. 648. Whereas the law of Delaware, under which appellee companies were incorporated, fixes a value of $100 per share on certificates of stock of non-par-value, the act 367, Acts 1923, gives the non-par-value share the merely nominal value of $25, which is evidence that the State is not attempting to act arbitrarily, capriciously, or in such manner as to effect a confiscation of property. 14th Amendment, U. S. Const.; 111 U. S. 704, 28 L. ed. 569; Hall's Cases on Constitutional Law, 408; 153 Ark. 114; 160 Ark. 17. The requirement as to equality and uniformity applies only to taxes in the popular sense of the word, levied with the object of raising revenue for general purposes, and not to such as of an extraordinary and unusual kind, or to burdens, charges or impositions which are not, properly speaking, taxes. 37 Cyc. 731-2. Taxation is at best an approximation, and perfect equality, however desirable, is neither demanded nor expected. 181 U. S. 396-8, 45 L. ed. 914; 251 U. S. 182; 256 U. S. 242, 65 L. ed. 1139; 260 U. S. 519-530; 235 U. S. 350; 200 U. S. 226. The act provides that all non-par-value shares of stock, for the purpose of assessing franchise fees or taxes only, shall be uniform. The Constitution authorizes classification for this purpose. Art. 16, § 5, Const. 1874; 63 Ark. 576. There is a defect of parties here in that the Railroad Commission, who established the tax, were not made parties. They are necessary parties. 180 N. W. 633; 75 So. 491; 72 So. 996; C. & M. Digest, § 9802-34.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. The act is invalid because it is violative of Amendment No. 14 of the Constitution of the United States, and of §§ 8 to 21, art. 2, of the Constitution of this State, in that it deprives the plaintiff of it property

without due process of law, by taxing the property of the plaintiff which is outside of this State, and because it is arbitrary and confiscatory. 216 U. S. 1; *Id.* 147; 245 U. S. 178; 246 U. S. 144; 235 U. S. 362;

2. It is invalid because violation of Amendment No. 14, supra, in that it deprives the plaintiff of the equal protection of the laws, by increasing the rate of taxation upon foreign corporations having no par-value stock, without a similar increase as to domestic corporation, and by taxing the plaintiff at a higher rate than is applied to other corporations, domestic and foreign, not having non-par-value stock, and by taxing plaintiff at a higher rate than is applied to other corporations domestic and foreign, not having non-par-value stock and by taxing plaintiff at a higher rate than is applied to other corporations having non-par-value stock divided into smaller shares. 165 U. S. 150; 134 U. S. 232; 79 N. E. 884; 195 N. Y. S. 184; *Airway Electric Appliance Corporation* v. *Day, Treasurer of Ohio*, 266 U. S. 71.

3. Foreign corporations with non-par stock could be taxed without the act 367. 221 S. W. 728; 181 Pac. 625; 250 S. W. 293.

McCULLOCH, C. J. The appellee in each of these two cases is a foreign corporation whose stock does not express any par value, the stock of each of the corporations being what is termed non-par-value stock. Each of the corporations entered the State several years ago and paid its respective franchise tax up to the year 1923, when the present controversy arose over the basis on which the franchise tax should be imposed, and these actions were instituted by appellee to restrain the Attorney General from enforcing what is claimed by appellees to be unjust exactions with respect to this tax.

The General Assembly of 1923 enacted a statute (General Acts 1923, p. 190) authorizing the formation or reorganization or merger of corporations with shares of stock without nominal or par value. Section 8 of that

statute provides that the annual franchise tax on a corporation having shares without nominal or par value "shall be treated and considered as having and being of the value actually received by the corporation for the issuance of such shares." Later, during the same session of the General Assembly, another statute was enacted (Acts 1923, p. 317), which prescribed a schedule of fees for filing articles of incorporation and also a schedule of franchise taxes, and one of the sections of that statute, after referring to the other statute just referred to, relating to corporations operating thereunder, provided that "for the purpose of the taxes or fees prescribed by law to be paid on the filing of any certificate or other paper relating to corporations and of franchise taxes prescribed by law be paid by corporations to the State of Arkansas, but for no other purpose, such shares shall be taken to be of the par value of twenty-five dollars each."

Each of the appellees filed with the Railroad Commission, which is now the Tax Commission of the State, its annual report for the year 1923, pursuant to the statute (Crawford & Moses' Digest, § 9802), including. among other things, the number of shares of its subscribed and paid-up capital stock and the value of same, and the value of its property owned and used in this State, as well as the value of its property owned and used outside of the State.

Section 9804, Crawford & Moses' Digest, provides that, upon the filing of a report by a corporation, the Commission "from the facts thus reported and any other facts coming to its knowledge bearing upon the question, shall determine the proportion of the authorized capital stock of the corporation represented by its property and business in this State," and shall report the same to the Auditor of State, who shall charge and certify it to the Treasurer, and that a tax of "one-tenth of one per cent. each year upon the proportion of the subscribed, issued and outstanding capital stock of the

corporation represented by property owned and used in business transacted in this State" shall be charged.

The act of 1923, *supra*, provides that the franchise Tax of corporations shall be "one-tenth of one per cent. each year upon the proportion of the subscribed, issued and outstanding capital stock of the corporation employed in Arkansas." Pursuant to these statutes, the Railroad Commission certified to the Auditor the franchise tax of each of appellee corporations for the year 1923. Appellee Margay Oil Corporation showed by its report the valuation of property owned and used in the State of Arkansas in the sum of $200,000, and the Commission in fixing the amount of its franchise tax figured the shares of capital stock at twenty-five dollars per share, in accordance with the statute, on the basis of the same proportion as the value of the property situated in Arkansas bears to the value of the entire property of the corporation. This made the tax on that corporation the sum of $2,580.42, and made the tax on the other appellee, figured on the same basis, the sum of $2,549.35.

Appellees in this suit attack the validity of the statute fixing the basis of valuation of non-par-value stock. The Commission followed the terms of the statute in fixing the amount of the tax, so the case turns on the question of the validity of the statute.

The only method by which the statutory requirement, in basing the tax upon "the proportion of the subscribed, issued and outstanding capital stock of the corporation employed in Arkansas," can be complied with is to do as the Commission did in computing the proportion upon the same ratio as the value of the property in Arkansas bears to the total value of all the property of the corporation.

Appellees attack the validity of the statute as in conflict with the Constitution of the United States and the Constitution of the State, on the ground that it constitutes a denial of due process of law by taxing the property of corporations outside of the State and in discriminating against them by prescribing a method of

taxation at a higher rate than is applied to other corporations, domestic and foreign, not having par-value stock, and by taxing them at a higher rate than is applied to other foreign corporations not having non-par-value stock divided into a smaller number of shares.

We are unable to preceive any theory upon which it can be claimed that the prescribed statutory method of fixing the tax constitutes an imposition of the tax on property of either of appellee corporations situated outside of the State. If it be conceded that the statute is invalid because it adopts the wrong method of taxation, it is not true that the tax imposition reaches to property outside of the State. The statute expressly provides, as we have already seen, that the fee shall be based upon the proportion of subscribed stock of the corporation employed in Arkansas. Property outside of the State is not taxed at all under this method, and is not considered except for the purpose of determining the proportion of the non-par-value stock representing the property in this State. Learned counsel for appellees cite numerous decisions of the Supreme Court of the United States establishing the rule that it is beyond the power of the State, under any guise whatever, to tax property outside of the State, or to levy franchise taxes based upon property outside of the State, or to burden interstate commerce by taxation, but those cases have no application here, for the reason, as before stated, that this statute does not purport to tax property outside of the State nor to burden interstate commerce, and does not, in fact, bring about that result. The same principle is applicable as that which seemed to control the Supreme Court of the United States in the following cases: *Wallace* v. *Hines,* 253 U. S. 66; *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113; *Hump Hairpin Co.* v. *Emmerson,* 258 U. S. 290; *Bass, Ratcliff & Gretton* v. *Tax Commission,* 266 U. S. 271, 45 Sup. Ct. Reporter, 82.

The effect of the statute is simply to provide a definite method for fixing the franchise tax, and, unless it is found that it is confiscatory in its effect, or that

it results in a method whereby the tax is imposed upon property outside of the State, or is a burden upon interstate commerce, it is not open to attack.

The power of the State to make reasonable classifications for purposes of regulation or of taxation has been often decided and never denied, and such classifications will not be overturned by the court if all corporations of the same class are treated alike. *St. L. I. M. & S. Ry. Co.* v. *Paul,* 64 Ark. 83; *St L. I. M. & So. Ry. Co.* v. *State,* 86 Ark. 518; *Arkansas Stave Co.* v. *State,* 94 Ark. 27. The statute under consideration applies equally to all corporations organized on the same basis, both domestic and foreign, that is to say, corporations with non-par-value stock. It may be true, as urged by counsel for appellees, and as shown by illustrations in the brief, that the statute may work a difference in the amount of tax as between corporations having the same amount of assets, but this argument is answered by the fact that a corporation may choose for itself whether it shall or shall not bring itself within the terms of this statute. It is a voluntary act of the corporation in accepting the statutory basis of par-value, rather than to express a value in the face of the certificate. Such statutes are not uncommon, but, on the contrary, are in vogue in a great many of the States, such statutes generally prescribing a par value of one hundred dollars. Similar statutes have been upheld in Michigan and Illinois. *Detroit Mortgage Corporation* v. *Secretary of State,* 211 Mich, 320, 178 N. W. 697; *Roberts & Schaefer Co.* v. *Emmerson* (Ill.), 144 N. E. 818. Our statute, however, fixes the value at twenty-five dollars, which is the par value of the stock of corporations organized under general statute. It is not without interest to note that in the State of Delaware, where both of these corporations are organized, there is a statute fixing the value of non-par-value stock at one hundred dollars. Nor is there any force in the contention of counsel that the statute, as applied to the total shares of stock, is invalid because it fixes the par-value of the capital stock at a sum enormously in excess of the

actual value of the assets of the corporation as shown by its annual report to the Railroad Commission. It will be noted, as we have already seen, that the tax is not based upon the total value of the stock, but only that portion of it which represents the investment and ownership of property in this State, and it will be seen that this statute applies alike to all corporations, domestic and foreign, which operate on the non-par-value basis. There is no unfair discrimination against that kind of a corporation. The statute does not, in any view, constitute a violation of § 6, art. 12, of the Constitution of the State, since it is seen that there is no element of confiscation involved in its effect.

The State has the power to fix the method of ascertaining the value of a franchise and imposing a tax on that basis, if it is a fair and just basis.

We fail to discover any grounds for attack upon the validity of this statute, and as its terms were complied with in the imposition of the tax against each of the appellees, it follows that the decree of the chancery court restraining the State's officers from enforcing this tax was erroneous. Therefore the decree in each case is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.