WATERWAYS NAVIGATION COMPANY *v.* CORPORATION & SECURITIES COMMISSION.

1. APPEAL AND ERROR—LEAVE TO APPEAL—TEST CASE—AMOUNT IN CONTROVERSY.
    Application for leave to appeal is granted to State commission upon representation that case was a test case of importance to it in the discharge of official duties although only $78.34 was involved.

2. CORPORATIONS—FRANCHISE FEE—NO PAR VALUE STOCK.
    Under statute relating to corporation franchise or privilege fees, there is no provision requiring that a corporation whose stock is of no par value must pay such fee solely because it reduces the number of shares of its stock (2 Comp. Laws 1929, § 10136 *et seq.*).

3. SAME—REDUCTION IN NUMBER OF SHARES OF NO PAR VALUE STOCK.
    The reduction of the number of shares of no par value stock does not increase its authorized capital stock subjecting cor-

REFERENCES FOR POINTS IN HEADNOTES
[5] 51 Am. Jur., Taxation, § 44.
[6] 51 Am. Jur., Taxation, § 316.

poration to an additional franchise fee (2 Comp. Laws 1929, § 10138, as amended by Act No. 154, Pub. Acts 1945; § 10139; § 10143, as amended by Act No. 102, Pub. Acts 1935).

4. SAME—NO PAR VALUE STOCK—REDUCTION IN NUMBER OF SHARES.
   Where the value placed upon no par value stock is based upon the earnings of a corporation, no additional franchise fee may be required (2 Comp. Laws 1929, § 10138, as amended by Act No. 154, Pub. Acts 1945; § 10139; § 10143, as amended by Act No. 102, Pub. Acts 1935).

5. TAXATION—AUTHORITY OF COLLECTORS.
   Tax exactions, property or excise, must rest upon legislative enactment and collectors can act only within express authority conferred thereby.

6. SAME—CONSTRUCTION OF STATUTES.
   The scope of tax laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer.

7. COSTS—PUBLIC QUESTION—CONSTRUCTION OF TAX STATUTE—CORPORATE FRANCHISE FEE.
   No costs are awarded in action involving the construction of statute imposing franchise fee on no par value stock of corporations, a public question being involved (2 Comp. Laws 1929, § 10138, as amended by Act No. 154, Pub. Acts 1945; § 10139; § 10143, as amended by Act No. 102, Pub. Acts 1935).

Appeal from the Court of Claims; Sweet (Lucien F.), J., presiding. Submitted October 6, 1948. (Docket No. 24, Calendar No. 43,884.) Decided December 17, 1948.

Claim by Waterways Navigation Company, a Michigan corporation, against State of Michigan and Michigan Corporation & Securities Commission for amount required of plaintiff as additional franchise fee. Judgment for plaintiff. Defendant appeals. Affirmed.

*Dickinson, Wright, Davis, McKean & Cudlip,* for plaintiff.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gregory H. Frederick, Daniel J. O'Hara* and *Meredith H. Doyle,* Assistants Attorney General, for defendant.

NORTH, J.   Plaintiff, a Michigan corporation, in March, 1929, filed its articles of incorporation, which provided for an authorized capital stock of 10,000 shares of no par value stock proposed to be sold at $1 per share.   In 1932, plaintiff filed a certificate of increase of capital stock to $100,000 represented by 100,000 shares of no par value.   Neither the book value nor the price fixed for the sale of the stock was over $1 per share.   In consequence the fee of $45 paid by plaintiff incident to this increase of its capital stock in the amount of $90,000 was computed at the statutory rate of 1/2 mill on the dollar.

In 1946, a certificate of decrease of its authorized capital stock from 100,000 shares to 66,670 shares was filed by plaintiff, and it was disclosed that at that time on the basis of 66,670 shares the book value of plaintiff's stock was $3.85 per share.   Thereupon the Michigan corporation & securities commission, hereinafter referred to as defendant, took the position that plaintiff had an authorized capital stock of $256,679.50, which would be an increase of $156,-679.50 over plaintiff's former authorized capital of $100,000.   In consequence defendant required plaintiff to pay an additional fee of $78.34, on the theory that the filing of the 1946 certificate by plaintiff was "an amendment to the charter changing the authorized capital" of plaintiff.

Plaintiff contended it had already paid the statutory fee of 1/2 mill per dollar on all of its authorized capital stock, and that filing its certificate of a decrease in its authorized capital stock did not, even under the circumstances disclosed, result in an increase of its authorized capital stock.   The fee or

tax was paid by plaintiff under protest, and by suit in the court of claims it sought recovery of the amount paid. In the court of claims plaintiff had judgment. Upon the representation that this was a test case of importance to defendant in the discharge of official duties, its application for leave to appeal was granted.

The controversial phase of this matter arises from the fact that plaintiff's stock is of no par value. The pertinent portions of the statute read:

"SEC. 3. Every domestic corporation hereinafter organized for profit * * * shall at the time of filing its articles * * * pay to the Michigan corporation and securities commission, as an organization fee and for the privilege of exercising its franchises within this State, a sum equal to 1/2 mill upon the dollar for each dollar of the authorized capital stock of such corporation. * * * *And provided further,* That in no case * * * shall the organization fee be less than $25: *And provided further,* That every corporation heretofore or hereafter incorporated under the laws of the State of Michigan which shall thereafter increase its authorized capital stock * * * shall pay a sum equal to 1/2 mill upon each dollar for each and any increase in its authorized capital stock." 2 Comp. Laws 1929, § 10138, as amended by Act No. 154, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 10138, Stat. Ann. 1947 Cum. Supp. § 21.203).

"SEC. 3a. (Added by amendment—See Act No. 223, Pub. Acts 1925; Act No. 253, Pub. Acts 1927.) The value placed upon each share of stock of no par value by a corporation for the purpose of sale or for exchange for property, or other stock, or for any other purpose, shall be taken as the basis of the franchise fees required at the time of incorporation or upon the increase of capital of a corporation for profit. Such value for tax purposes and for computation of franchise fees shall be at least one dollar. Where any shares of stock shall within one year

after incorporation or within one year after an increase in capital be exchanged for property or for other stock at a price in excess of that stated in the articles of association, there shall be filed with the secretary of State a sworn statement in respect thereto and there shall be paid to the secretary of State on account thereof an additional franchise fee, such fee to be computed at the same rate as in the case of original incorporation: *Provided,* That no additional franchise fee shall be required where the value placed upon such shares is based upon earnings of a corporation." 2 Comp. Laws 1929, § 10139 (Stat. Ann. § 21.204).

"SEC. 5. In the case of computing the franchise and privilege fees prescribed by sections three and four of this act, respectively, * * * such computation shall be made upon the corporation's property, both tangible and intangible, owned or used in Michigan in the ratio that such property bears to the entire property of the corporation, and such ratio shall be applied by the secretary of State to determine the amount of the authorized capital stock owned or used in Michigan, and to determine what portion of the corporation's paid-up capital and surplus, severally, are owned or used in Michigan. * * * For the purpose of this act only, each share of no par value shall be deemed to have the value of at least one dollar, or such value as shall have been fixed by the corporation for the sale of such stock, or the book value as determined by the secretary of State, whichever may be the higher." 2 Comp. Laws 1929, § 10143, as amended by Act No. 102, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 10143, Stat. Ann. § 21.208).

There is no provision in the statute* authorizing enforcement of payment of either a franchise fee or a privilege fee, which applies to a corporation whose stock is of no par value, solely on the ground that

---

* 2 Comp. Laws 1929, § 10136 *et seq.*, as amended (Stat. Ann. § 21.-201 *et seq.*, as amended).—REPORTER.

the corporation reduces the number of shares of its stock. So in the instant case the issue narrows down to this: Did plaintiff by reducing its 100,000 shares of no par value stock to 66,670 shares of no par value increase its authorized capital stock? We think this query must be answered in the negative; notwithstanding the book value of the stock at the reduced number of authorized shares was $3.85 per share, which meant that at the time the corporation had assets totalling $256,679.50. It must be remembered that the fee involved in this litigation is not the annual privilege fee which plaintiff must pay on the basis provided in the statute, with which fee we are not herein concerned. Instead the fee here involved is a franchise fee; and in the instant case plaintiff prior to 1946 had paid in full the franchise fees on 100,000 shares of its no par value stock. As above noted we have found no statutory authorization for collecting an additional franchise fee in the event of the reduction of the number of shares of no par value corporate stock; and we cannot overlook the provision in section 3a, added by Act No. 223, Pub. Acts 1925, and re-enacted in Act No. 253, Pub. Acts 1927: "Provided, That no additional franchise fee shall be required where the value placed upon such (no par value) shares is based upon earnings of a corporation." This statutory provision is particularly applicable because there is in the record before us, and presumably considered by the trial judge, an uncontradicted affidavit of the man who prepared the statement on·the basis of which the defendant fixed the par value of plaintiff's stock at $3.85 per share, in which affidavit it is stated "that the entire amount of the surplus account indicated above * * * was made up of the undistributed earnings of Waterways Navigation Company accumulated over the period of the corporate existence; and that no part

of the same represented additional capital contribution on the part of the shareholders or others."

*Detroit Mortgage Corporation* v. *Secretary of State,* 211 Mich. 320, cited and relied upon by defendant, is not in point for the reason that it involved payment of the statutory fee incident to authorizing the foreign corporation to continue to transact business in this State, which corporation had increased its authorized capital stock by an amendment to its charter which, for purposes of computing the statutory fee, changed the value of its common stock from $10 per share to $100 per share. Decision therein is not controlling of defendant's right in the instant case to demand payment of a fee incident to the reduction of plaintiff corporation's authorized capital stock represented by its no par value shares of stock.

Decision herein must be in accord with our holding in *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich. 143 (139 A. L. R. 368), wherein at page 151 we quote from *J. B. Simpson, Inc.,* v. *O'Hara,* 277 Mich. 55, the following:

" 'Tax exactions, property or excise, must rest upon legislative enactment and collectors can act only within express authority conferred thereby, the scope of such laws cannot be extended by implication or forced construction, and language, if dubious, is not resolved against the taxpayer.' "

To the same effect, see *In re Dodge Brothers,* 241 Mich. 665. The judgment entered in the court of claims is affirmed. A public question being involved, no costs are awarded.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.