Secretary of State — No Par Value Stock 1. After September 17, 1968, the Secretary of State may accept for filing Articles of Incorporation which authorize the issuance of capital stock without par value by Oklahoma corporations. 2. Pursuant to 18 O.S. 1.247 [18-1.247](B) (1961) the Secretary of State shall treat shares without par value as having a par value of Fifty Dollars ($50.00) per share for purposes of computing the fees to be collected thereon under 28 O.S. 111 [28-111](a) (1961). The Attorney General has considered your recent request for an opinion in regard to the following questions: "May this office now accept for filing Articles of Incorporation which authorize the issuance of capital stock without par value? "If the answer is affirmative, since 28 O.S. 111 [28-111](a) (1961) authorizes this office to collect a fee based on one-tenth of one per cent of the authorized capital stock ($ 1.00 per $1,000), what fee shall this office collect for filing Articles of Incorporation authorizing the issuance of capital stock without par value?" These questions are prompted by the amendment of Article IX, Section 39 of the Oklahoma Constitution, adopted by the people on September 17, 1968. This Section, which formerly read as follows: "No corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof, and all fictitious increase of stock or indebtedness shall be void, and the Legislature shall prescribe the necessary regulations to prevent the issue of fictitious stock or indebtedness. The stock and bonded indebtedness of corporations shall not be increased except in pursuance of general law, nor without the consent of the persons holding the larger amount in value of the stock first obtained at a meeting to be held after thirty days' notice given in pursuance of law." was amended to read as follows: "No corporation shall issue stock except for money, labor done, or property actually received, at a stated value thereof, and the Legislature shall prescribe the necessary regulations to prevent the issue of fictitious stock or indebtedness." No implementing legislation has, as yet, been adopted. The term "stated value" has no legal definition. It is found most often in texts on accounting, such as Principles of Accounting, Intermediate, Fifth Edition, by Finney and Miller, where on pages 104 and 105 the following appears: "In the case of par value shares, stated capital is usually defined as an amount equal to the aggregate par value of the shares issued. "In the case of no-par shares, stated capital is the aggregate credited to the capital stock accounts. The amounts thus credited may equal 1. the total received for the shares issued, or 2. an amount based on a stated value per share. (Emphasis added) "Generally the board of directors has the right to designate a stated value per share; in some states the amount which the directors elect to establish as stated value per share cannot be less than a minimum set forth in the law, for example, $5.00 per share. Thus, all corporations have a stated capital but some may not have a stated value per share. (Emphasis added) . . . . "Stated capital can be reduced (provided that the action complies with the provisions of the state corporation act) by a reduction in the number of issued shares or in their par or stated value, by changing par value shares to no-par shares with a lower stated value than the former par, or by changing no-par shares to par shares with a par less than the former stated value." For purposes of legal construction, the term "stated value" will be construed as not related to "par value" or "stock." Title 18 O.S. 1.208 [18-1.208] (1961), The Oklahoma Business Corporation Act, provides in part that Articles of Incorporation filed thereunder shall set forth, among other things, and in the English language: "(6) The aggregate number of shares which the corporation shall have authority to allot; also if such shares are to consist of one class only, the par value of each of such shares, or a statement that all of such shares are without par value; or, if the shares are to be divided into classes, the number of shares of each class, if any, that are to have a par value and the par value of each share of each such class, and the number of shares of each class, if any, that are to be without par value;" Title 18 O.S. 1.73 [18-1.73] (1961), provides: "Every domestic corporation, in so far as so provided in its articles of incorporation, shall have power to create and allot one or more classes of shares, or one or more series of shares within any such class or classes, any of which classes or series may be with or without par value, . . ." (Emphasis added) It appears to have been the intention of the Legislature and the people to remove all restrictions on or prohibitions against the issuance under Oklahoma law of no-par shares. The authority to issue such shares in this state is referred to in 18 O.S. 1.208 [18-1.208] and 18 O.S. 1.73 [18-1.73] (1961), supra, which have now become fully operative. Rulings or opinions holding that no-par shares may not be issued under Oklahoma law are negated by the amendment of Article IX, Section 39, supra. The Attorney General's Opinions dated July 30, 1947, and May 13, 1954, respectively, both addressed to the Secretary of State, insofar as they relate to this subject, together with prior rulings on said subject therein referred to, are no longer applicable and are hereby canceled. Accordingly, it is the opinion of the Attorney General that your first question be answered in the affirmative, and that your office may now accept for filing articles of incorporation which authorize the issuance of no-par value stock. You should require that the articles of incorporation clearly set forth whether or not the whole or any part of the shares authorized are to be without par value. As to your second question, 18 O.S. 1.247 [18-1.247](b) (1961), provides that, "For the purpose of computing the fees to be collected by the Secretary of State under Section 28 O.S. 111 [28-111], Oklahoma Statutes 1941, for filing articles of incorporation, each share without par value shall be treated the same as a share with a par value of Fifty Dollars ($50.00), and the fees thereon shall be collected accordingly." There is not, nor has there ever been, a real question as to the constitutionality of the use of the statutory formula in fixing the treatment to be afforded to no-par shares for purposes of fee determination. In at least one state (Michigan), it has been held that a statute fixing $ 100.00 as the value for tax purposes of no-par stock is constitutional. Detroit Mortgage Corporation v. Secretary of State, 211 Mich. 320, 178 N.W. 697, 182 N.W. 526. It is, therefore, the opinion of the Attorney General that the fee provided for in 28 O.S. 111 [28-111](a) (1961) be computed and collected upon the basis of the formula set forth in 18 O.S. 1.247 [18-1.247](b) (1961), supra, in all instances where the articles of incorporation indicate that all or part of stock authorized to be issued by the applicant corporation will be without par value. (Carl G. Engling)