THE PEOPLE OF THE STATE OF NEW YORK ex rel. NORTHERN FINANCE CORPORATION, Appellant, *v.* WALTER W. LAW, JR., et al., Constituting the State Tax Commission, Respondents.

**Tax — corporations — franchise tax — dividends received from other corporations not deductible in computing net income.**

In the computation of net income for the purpose of fixing the franchise tax imposed upon every domestic corporation and every foreign corporation doing business within this state no deduction is allowed of amounts received as dividends from other corporations. (Cons. Laws, ch. 60, art. 9-a, amd. L. 1917, ch. 726; L. 1918, chs. 271, 276, 292, 419; L. 1919, chs. 138, 629; L. 1920, ch. 640; L. 1921, ch. 705.) (*People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48, followed.)

*People ex rel. Northern Finance Corp.* v. *Law*, 206 App. Div. 723, affirmed.

(Argued June 4, 1923; decided July 13, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 8, 1923, which confirmed, on certiorari, a determination of the state tax commission assessing franchise taxes upon the relator for the years commencing November 1, 1919, and November 1, 1920.

*Nathan L. Miller* and *H. Bartow Farr* for appellant. There is nothing in the amendments of 1919 to change the legislature's purpose to adopt the federal definition of net income. (*People ex rel. Barcolo Mfg. Co.* v. *Knapp,* 227 N. Y. 64.) Chapter 628 of the Laws of 1919 clarified the expression " entire net income " so as to remove any doubt as to its meaning. The amendment was not a legislative declaration that the statute previous to 1919 meant something else. (*People ex rel. Mutual Life Ins. Co.* v. *Board of Supervisors,* 16 N. Y. 424; *Roberts* v. *State of New York,* 30 App. Div. 106; *Rand* v. *Massachusetts Benefit Assn.,* 18 Misc. Rep. 336; *Weisberg* v. *Weisberg,* 112 App. Div. 231; *Sweet* v. *City of Syracuse,* 17 App. Div. 63.) Considered as a whole, the law discloses clearly the legislative intent to adopt the federal definition of net income. (*American Printing Co.* v. *Comm.,* 231 Mass. 237.)

*Carl Sherman, Attorney-General (C. T. Dawes* of counsel), for respondents. The statute, article 9-A, intends to tax the franchise of a corporation whose income is derived from dividends of other corporations, and intends to include those dividends in the income. (*Shaffer* v. *Carter,* 252 U. S. 37; *Travis* v. *Yale & Towne Mfg. Co.,* 252 U. S. 60.) These dividends are a part of the " entire net income " of the corporation. Entire net income is " total net income," our statute says, that is, entire net income in fact of the corporation, which is reported to the federal government, and not the net income which is taxed by the federal government. In brief, there is a difference between total or entire net income of a corporation and a reduced net income which the federal government calls " taxable " net income for purposes of its laws. (*Singer Mfg. Co.* v. *Gilpatric,* 118 Atl. Rep. 919.)

*Per Curiam.* The statute imposes upon every domestic corporation, and also upon every foreign corporation

doing business within the state, a franchise tax to be computed upon the basis of its entire net income, which income is presumably the same as the entire net income " upon which such corporation is required to pay a tax to the United States " (Tax Law [Cons. Laws, ch. 60], art. 9a, § 209). In the computation of net income, the United States permits deduction of " amounts received as dividends from a corporation taxable under this title upon its net income " (U. S. Revenue Act of 1918, § 234). The state tax commission and the Appellate Division have disallowed a like deduction under our statute. The question is whether the disallowance is to be upheld.

We find it unnecessary in answering this question, to determine broadly that the meaning of " entire net income " under our statute is unaffected by the definition in the federal act of the same words. We think it enough to say that the statute manifests an intention to disallow this particular deduction, whether others are allowed or not. That conclusion follows, we think, inevitably from section 214 of the act (Tax Law, art. 9a) as successively amended (L. 1917, ch. 726; L. 1918, chs. 271, 276, 292, 419; L. 1919, chs. 138, 629; L. 1920, ch. 640; L. 1921, ch. 705), and from our decision in *People ex rel. Alpha Portland Cement Co.* v. *Knapp* (230 N. Y. 48).

Section 214 prescribes the rule for allocating income between this state and another when business is conducted both here and elsewhere. It establishes a proportion, the ratio of net income earned here to the entire net income being the same as the ratio of certain assets which have their situs here to the like assets everywhere. The statute as first enacted, and as it stood till 1921, included in the latter ratio the shares in other corporations, owned by the corporation to be taxed, subject, however, to an arbitrary limitation of ten per cent of a prescribed maximum. An amendment adopted in 1921 (L. 1921, ch. 705) struck out the limitation. The legislature surely did not mean that stocks in other corporations should

People ex rel. Northern Finance Corp. v. Law.   289

1923.]                Opinion Per Curiam.               [236 N. Y. 286]

be considered in allocating the income between one state
and another, and that dividends earned upon the stocks
should be disregarded in the computation of the income
by which the tax was to be measured.

People ex rel. Alpha Portland Cement Co. v. Knapp
(supra) is, indeed, decisive of the controversy. There
a tax had been laid upon a foreign corporation for the
privilege of doing business in New York. Its income
included dividends from other corporations. The state
tax commission in allocating this income to its source
followed the command of the statute and limited the
shares without the state to the prescribed percentage
of ten per cent. We held this limitation unconstitutional
in its application to foreign corporations. We said that
the state could not include the total dividends in estimating
income and reject an arbitrary percentage of the shares
in allocating income to the situs of its origin. Of course,
if dividends were to be excluded from the first ratio,
the shares might be excluded from the second. We
assumed without discussion that dividends were income.
We refused in the ascertainment of the situs to segregate
the shares in obedience to an arbitrary formula.

The amendment of 1921 (L. 1921, ch. 705) shows that we
did not misread the intention of the legislature in holding
that dividends were to be included in the income. Our
decision in the Alpha Portland Cement case was accepted
as correctly interpreting the statute, and the final term
of the proportion was changed by substituting all the
stocks for an unvarying percentage. Here, then, we
may find a plain recognition by the legislature of the
propriety of the holding that there was to be no deduction
of the dividends, and an amendment of the rule of allo-
cation so as to continue to include them.

We are confirmed in this conclusion when we remember
that the allowance permitted by the federal act would
result, if extended to this act, in withdrawing large sums

# 290 MATTER OF MILLER.

of money from taxation by an unreasonable and arbitrary exemption. The government of the nation might well exclude dividends declared by corporations which had already paid to that government a tax upon their income. The state would have no reason for permitting a like exclusion unless the corporations declaring them were taxable by the state.

The order should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.