THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANDARD OIL COMPANY OF NEW YORK, Appellant and Respondent, *v.* WALTER W. LAW, JR., et al., Constituting the State Tax Commission, Respondents and Appellants.

Tax — franchise tax — rule for determination of " entire net income "— when interest on United States bonds included in " gross income "— interest from tax exempt bonds no part of gross income — foreign taxes to be deducted.

1. In determining " entire net income " for the purpose of assessing a franchise tax, under article 9-A of the Tax Law, as amended by

section 208 of chapter 628 of the Laws of 1919, the gross income as defined by the federal statute (Fed. Inc. Tax Law, § 213) should be taken and from that amount the proper business charges, with the exception of United States taxes on either profits or net income and losses of other fiscal years, should be deducted.

2. Interest on United States bonds should be included in estimating gross income unless they come within subdivision 4 of section 213b of the federal statutes.

3. Interest received on tax exempt bonds of the state of New York and political subdivisions thereof forms no part of the gross income and should not be considered.

4. Foreign taxes are a proper business expense to be deducted from gross to find net income.

*Matter of Standard Oil Co.* v. *Law*, 205 App. Div. 531, modified.

(Argued October 19, 1923; decided December 4, 1923.)

CROSS-APPEALS from an order of the Appellate Division of the Supreme Court in the third judicial department, entered June 12, 1923, which annulled, on certiorari, a determination of the state tax commission assessing a franchise tax upon the relator for the years 1918 and 1919, and remitted the matter to the commission for revision.

*Robert E. Whalen, Peter M. Speer* and *Courtland Palmer* for relator, appellant and respondent. The statute intended that the interest from obligations of the United States, state of New York and various municipalities should be excluded from the computation of relator's taxable net income as a basis for the franchise tax. (*People ex rel. Alpha Portland Cement Co.* v. *Knapp,* 230 N. Y. 48; *People ex rel. Northern Finance Corp.* v. *Law,* 236 N. Y. 286; *Home Ins. Co.* v. *New York,* 134 U. S. 594; *People ex rel. Bass & Co., Ltd.,* v. *State Tax Comm.,* 232 N. Y. 42.) The Appellate Division correctly held that taxes paid by relator to various foreign sovereignties should have been excluded from the computation of " entire net income." (*People ex rel. Barcalo Mfg. Co.* v. *Knapp,* 187 App. Div. 89; 227 N. Y. 64; *Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54; *Matter*

144 People ex rel. Standard Oil Co. *v.* Law.

[237 N. Y. 142]          Points of counsel.          [Dec.,

of *Thomas*, 216 N. Y. 426; *Cashmore* v. *Peerless* M. C. Co., 154 App. Div. 814; *Caesar* v. *Bernard*, 156 App. Div. 724; 209 N. Y. 570; *Gorham Mfg. Co.* v. *Travis*, 274 Fed. Rep. 975; *Singer Mfg. Co.* v. *Gilpatric*, 118 Atl. Rep. 919; *American Printing Co.* v. *Commonwealth*, 231 Mass. 237.)

*Dudley F. Sicher* for A. C. Israel & Co., Inc., *amicus curiæ.* Concededly, apart from the enactment of chapter 628, Laws of 1919, and section 214 of article 9-A of the Tax Law, the character and scope of the " net income " applicable by the New York state tax commission as the franchise tax base is fixed and limited by the Federal statute. (*People ex rel. Barcalo Mfg. Co.* v. *Knapp*, 227 N. Y. 64.) The amendments of 1919 were insufficient to confer upon the New York state tax commission power to include as " income " the specific items involved in this appeal (viz., interest on municipal, state and certain United States government bonds), which are expressly defined in the Federal Revenue Act of 1918 as " not included " even in " gross income." (*Matter of Hamlin*, 226 N. Y. 407; *Trustees of Village of Saratoga* v. *Saratoga Gas Co.*, 191 N. Y. 123; *People* v. *Klinck Packing Co.*, 214 N. Y. 131; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416.) The basic principle which the court should enunciate herein is: Whatever interest is wholly exempt from federal income tax as falling outside the definition of " net income " in the Federal Revenue Act must, for that reason, be excluded from the New York state franchise tax base. (*People ex rel. Northern Finance Co.* v. *Law*, 236 N. Y. 286; *People ex rel. Alpha P. C. Co.* v. *Knapp*, 230 N. Y. 48; *People ex rel. Barcalo Mfg. Co.* v. *Knapp*, 227 N. Y. 64.)

*Eustace Seligman, amicus curiæ.* Under the construction given to article 9-A of the Tax Law by the *Alpha Portland Cement Co.* case, all interest from bonds

must be excluded in determining income for the purpose of ascertaining the tax. (*People ex rel. Alpha Portland Cement Co.* v. *Knapp,* 230 N. Y. 48; *People ex rel. Northern Finance Corp.* v. *Law,* 236 N. Y. 286.) Article 9-A imposes an income tax. Consequently in so far as the interest from bonds of the United States and of the state of New York and its political subdivisions is concerned, it would be unconstitutional to include such interest in determining income for the purpose of fixing the tax. (*Gloucester Ferry Co.* v. *Pennsylvania,* 114 U. S. 196; *Leloup* v. *Port of Mobile,* 127 U. S. 640; *Crenshaw* v. *Arkansas,* 227 U. S. 389; *Cheney Brothers Co.* v. *Massachusetts,* 246 U. S. 147; *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; *Shaffer* v. *Carter,* 252 U. S. 37; *Travis* v. *Yale & Towne Mfg. Co.;* 252 U. S. 60; *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113; *Hump Hairpin Co.* v. *Emmerson,* 258 U. S. 290; *City of Superior* v. *Allouez Dock Co.,* 166 Wis. 76.)

*Carl Sherman, Attorney-General (C. T. Dawes* of counsel), for defendants, respondents and appellants. Notwithstanding that federal, state and municipal bonds are exempt from taxation by their terms, the state has power to base a franchise tax on net income, among which income is the interest received from such securities. (*People ex rel. Barcalo Mfg. Co.* v. *Knapp,* 187 App. Div. 89; 227 N. Y. 64; *People ex rel. Bass, Ratcliff & Gretton, Ltd.,* v. *Tax Commission,* 232 N. Y. 42; *People ex rel. Northern Finance Corp.* v. *Law,* 236 N. Y. 286; *Society for Savings* v. *Coite,* 73 U. S. 594; *Home Insurance Co.* v. *New York,* 134 U. S. 594; *Kansas City R. R. Co.* v. *Kansas,* 240 U. S. 227; *Baltic Mining Co.* v. *Massachusetts,* 231 U. S. 68; *Kansas City R. R. Co.* v. *Stiles,* 242 U. S. 111; *U. S. Glue Co.* v. *Town of Oak Creek,* 247 U. S. 321.) This court did not decide nor intimate in *Alpha Portland Cement Company* v. *Knapp* (230 N. Y. 48) that interest

10

146    People ex rel. Standard Oil Co. *v.* Law.

[237 N. Y. 142]        Opinion, per Andrews, J.                [Dec.,

on bonds held in New York state by a domestic corporation should be excluded from net income. (*Kansas City Railway* v. *Kansas*, 240 U. S. 227; *Baltic Mining Co.* v. *Massachusetts*, 231 U. S. 68; *Hump Hairpin Co.* v. *Emmerson*, 258 U. S. 290; *Underwood Typewriter Co.* v. *Chamberlain*, 254 U. S. 113; *Gorham Mfg. Co.* v. *Travis*, 274 Fed. Rep. 975; *Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48; *Bass, Ratcliff & Gretton* v. *Tax Comm.*, 232 N. Y. 42; *Northern Finance Corporation* v. *Tax Comm.*, 236 N. Y. 286.) The situs of the bonds was in New York. Interest from them can be reached by any sort of a state tax, a property tax, a direct income tax, or a franchise tax. (*DeGanay* v. *Lederer*, 239 Fed. Rep. 568; 250 U. S. 376; *People* v. *Campbell*, 88 Hun, 544; *Shaffer* v. *Carter*, 252 U. S. 37; *Travis* v. *Y. & T. Mfg. Co.*, 252 U. S. 60.) Ever since the state statute was enacted it has taken the net income " reported " to the federal government rather than the income taxed by that government. This interest was reported to the federal government as income. (*People ex rel. Barcalo Mfg. Co.* v. *Knapp*, 187 App. Div. 89; 227 N. Y. 64.) Income taxes paid to foreign sovereignties cannot be deducted from " entire net income." (*Gorham Mfg. Co.* v. *Travis*, 274 Fed. Rep. 975; *People ex rel. Barcalo Mfg. Co.* v. *Tax Comm.*, 187 App. Div. 89; 227 N. Y. 64; *Matter of Sherman*, 179 App. Div. 497; 222 N. Y. 540; *Matter of Bierstadt*, 178 App. Div. 836; *Matter of Gihon*, 169 N. Y. 443; *Shaffer* v. *Carter*, 252 U. S. 37, 51; *Kidd* v. *Alabama*, 188 U. S. 730, 732; *Coe* v. *Errol*, 116 U. S. 517; Judson on Taxation, §§ 492–494.)

Andrews, J. In 1917 a tax was imposed upon corporations for the privilege of exercising their franchises and doing business within this state. It was based upon their net income, " upon which income such corporation is required to pay a tax to the United States." (Laws 1917, chap. 726, sec. 209.) We, therefore, necessarily

accepted the definitions of " gross " and " net " income contained in the federal statute, purely arbitrary as those definitions were. It was soon seen, however, that no opportunity was given for a hearing to the taxpayer here, before the tax was imposed upon it, and during the next year the law was amended. The tax was still based upon net income, but now such income was only " presumably the same as the income upon which such corporation is required to pay a tax to the United States." The taxpayer was to report to the tax commission its return as made to the national government but if that return was claimed to be inaccurate it might be heard. So there might be correction for fraud, evasion or error in the return. (Laws of 1918, chap. 276.)

In the statute there was no definition of " net income." The bare words were used and there was a reference to the federal law. So we held that its definition as contained in that law was adopted by our legislature. The commission was, because of the amendment, " free to fix, from the return and any other information, the true and correct amount of the net income, but not to change the nature or definition of it." (*People ex rel. Barcalo Mfg. Co.* v. *Knapp,* 227 N. Y. 64, 71.) Taking the definition of net income contained in the federal statute our legislature also took the like definition of " gross income " therein contained. The one proposition involves the other.

As defined by the Federal Income Tax Law, " gross income " includes all gains, profits or income received except interest on state and municipal bonds; on certain described obligations of the United States and on certain obligations issued under its authority. (Sec. 213, a and b.) " Net income " is gross income less business expenses and certain other items that might also be deducted. (Sections 232, 233.) After " net income " was so determined, some credits were allowed before the tax was imposed. In the case of corporations these were interest on some obligations of the United States, the amount

paid during the year for war and excess profits taxes; and also $2,000. (Sec. 236.)

The question then arose whether in this state such credits should or should not be deducted before we fixed the "net income" which was to be the basis of our tax. We held that no deduction should be made. Having adopted the federal definition of "net income" the meaning of these words was fixed. In defining net income the United States made no reference to such credits. After fixing what constituted "net income" that government might or might not allow further deductions before the tax was stated. Whether it did or did not the definition of "net income" was not affected. (*People ex rel. Barcalo Mfg. Co.* v. *Knapp, supra.*)

Again our statute was amended. Carefully, wherever mentioned, the term "net income" was changed to "entire net income." And for the first time the legislature, feeling perhaps as had we that reference to a foreign statute for a definition was unsatisfactory, gave its own definition to the words it used. "The term 'entire net income' means the total net income before any deductions have been made for taxes paid or to be paid to the government of the United States on either profits or net income or for any losses sustained by the corporation in other fiscal or calendar years whether deducted by the government of the United States or not." (L. 1919, ch. 628, sec. 208) No word was said as to the equally essential phrase "gross income." Evidently the definition of the federal statute which we had held to have been adopted by our own statute was thought to be satisfactory.

Turning, therefore, to the words "entire net income" and to their definition, what was the intent of the legislature? It must have supposed that the use of the words "entire" and "total" had some significance. It must have supposed that the adoption of the definition was of some importance. It knew that the question as to the

credits allowed under the federal act had arisen. It may well have desired to make less arbitrary the definition of the words " net income " yet it did not desire that this basis for the tax should be reduced by subtracting from it certain taxes paid to the United States and losses for other calendar or fiscal years. It may also have desired to clarify the situation as to dividends received from other corporations. (*People ex rel. Northern Finance Corp.* v. *Law,* 236 N. Y. 286.) As to these we had already failed to follow the United States definition.

The idea was to replace the federal definition of " net income " by one of our own — one having, with the two exceptions specified and those two only, a meaning generally understood. Net income is gross income less proper deductions, a rule that may be readily applied by the commission and by the courts.

This conclusion is not inconsistent with other provisions of the statute. The corporation is to pay a tax measured by its entire net income which is presumably the same as the entire net income reported to the United States (Sec. 209) and it is to make a report of its return of such income to the United States. (Sec. 211.) Ordinarily this presumption would be correct. Gross income would include all proper receipts except interest on certain tax free bonds. (Fed. Inc. Tax Law, § 213.) From that would be deducted under the federal law most business charges. (§ 234.) Generally, therefore, the results would be the same. This is all that "presumably" now means.

In brief the present rule should be stated as follows: Take the gross income as defined by the federal statute. Deduct from it proper business charges except the United States taxes specified and losses of other fiscal years. The result is the entire net income as intended by our statute.

If this is so the result reached below is not wholly correct. As there fixed there was included in gross income

interest on bonds of the United States and also on bonds of New York and various political subdivisions. The interest on the United States bonds should have been included unless they came within the exception .mentioned in subdivision 4 of section 213b of the federal statute. It does not appear that they do. Otherwise as to the other interest. It forms no part of the gross income and should not be considered. As to the foreign taxes they were a proper business expense to be deducted from gross to find net income.

The order of the court below should be modified as indicated and as so modified affirmed, without costs, and proceedings remitted to state tax commission to proceed in accordance with opinion.

HISCOCK, Ch. J., MCLAUGHLIN and CRANE, JJ., concur; HOGAN, CARDOZO and POUND, JJ., dissent from exclusion from net income of taxes paid, and otherwise concur in result.

. Ordered accordingly.