## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY *v.* WISCONSIN.

## SAME *v.* SAME.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

Nos. 75, 76. Argued October 27, 1927.—Decided November 21, 1927.

A state tax on domestic insurance companies, called an annual license fee; which consists of three per cent. annually of the gross income of the corporation, save rents from land otherwise taxed and premiums, is void *pro tanto* where the income is in part interest from United States bonds. P. 140.

189 Wis. 103, 114 reversed.

ERROR to the judgments of the Supreme Court of Wisconsin, in two cases, sustaining taxes on the gross income of the Insurance Company. The Company sued in the state circuit court to recover portions of the taxes paid, upon the ground that, *pro tanto*, the tax fell on the income from United States bonds. Judgments of the circuit

court dismissing the complaints on demurrer were affirmed by the court below.

*Messrs. Sam T. Swansen* and *George Lines* for plaintiff in error.

*Mr. Franklin E. Bump,* Assistant Attorney General of Wisconsin, with whom *Mr. John W. Reynolds,* Attorney General, was on the brief, for the State of Wisconsin.

The license fee is a privilege or franchise tax, and not a tax on property or income from property. *Northwestern Ins. Co. v. State,* 163 Wis. 484; *Northwestern Ins. Co.* v. *Wisconsin,* 247 U. S. 132. It clearly is not intended as a tax on United States bonds or anything else not taxable by the State.

The inducements or considerations for the privilege tax are local, special, privileges clearly within the power of the State to grant or withhold altogether, and, when granted, are clearly within the jurisdiction of the State to tax as such, the tax being lawfully measured by reference to property, business, or income of the corporation which, itself, is beyond the power of the State to tax. *Northwestern Ins. Co.* v. *Wisconsin, supra; Home Ins. Co.* v. *New York,* 134 U. S. 594; *Flint* v. *Stone Co.;* 220 U. S. 107; *Gillespie* v. *Oklahoma,* 257 U. S. 501; *U. S. Grain Corp.* v. *Phillips,* 261 U. S. 106; *Baltic Min. Co.* v. *Mass.,* 231 U. S. 68; *Adams Exp. Co.* v. *Ohio,* 165 U. S. 194; *Cleve. &c. Ry.* v. *Backus,* 154 U. S. 438; *Delaware R. R. Tax Case,* 18 Wall. 206; *Hamilton Co.* v. *Mass.,* 6 Wall. 632; *State Tax on Ry. Receipts,* 15 Wall. 284; *Kansas City R. R.* v. *Botkin,* 240 U. S. 227; *Maine* v. *Gr. Trunk Ry.,* 142 U. S. 217; *Horn Co.* v. *New York,* 143 U. S. 305; *Kan. City &c. R. R.* v. *Stiles,* 242 U. S. 111; *Provident Inst.* v. *Massachusetts,* 6 Wall. 611; *Society for Savings* v. *Coite,* 6 Wall. 594; *Van Allen* v. *Assessors,* 3 Wall. 573; *Securities Bank* v. *District,* 279 Fed. 185.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

These two causes, originally brought in the Circuit Court of Dane County, present the same question. The plaintiff company, a corporation under the laws of Wisconsin, has long carried on therein the business of insuring lives. It seeks to recover excess taxes exacted by the State for the five years, 1918–1923. The courts below held that the exaction was proper under § 76.34, Wisconsin Statutes, 1923 (§ 1211–35, Stat. 1919; § 51.32, Stat. 1917). And they definitely denied the contention that so construed and applied the statute conflicted with the Constitution or laws of the United States.

Section 76.34 provides—

"*Life insurance companies to pay annual license.* Every company, corporation or association transacting the business of life insurance within this state, excepting only such fraternal societies as have lodge organizations and insure the lives of their own members, and no others, shall, on or before the first day of March, in each year, pay into the state treasury as an annual license fee for transacting such business the amounts following:

"(1) *Domestic Companies; Three per cent of Gross Income.* If such company, corporation or association is organized under the laws of this state, three per centum of its gross income from all sources for the year ending December thirty-first, next prior to said first day of March excepting therefrom income from rents of real estate upon which said company, corporation or association has paid the taxes assessed thereon, and excepting also premiums collected on policies of insurance and contracts for annuities.

"(3) *Power Granted by License; License Fee in Lieu of Other Taxes.* Such license, when granted shall author-

ize the company, corporation or association to whom it is issued to transact business until the first day of March of the ensuing year, unless sooner revoked or forfeited. The payment of such license fee shall be in lieu of all taxes for any purpose authorized by the laws of this state, except taxes on such real estate as may be owned by such company, corporation or association."

In annual reports the Company disclosed all receipts derived from interest on United States bonds and claimed they were exempt from taxation under the Constitution and laws of the United States. The revenue officers acted upon another view, and both courts below have held that they rightly disregarded the source of the receipts and properly assessed sums reckoned upon the Company's entire gross income.

Counsel for the State maintain that the effect of § 76.34 is to impose upon domestic insurance companies a privilege or franchise tax, and not one on property or income; that no charge is laid upon bonds of the United States, but the fee exacted is for granted privileges, including exemption from personal property taxation and right to do business; that the State may require domestic corporations to pay privilege, franchise or license taxes measured by gross income, although partly derived from United States bonds; and that in no proper sense can the challenged tax be regarded as one directly imposed upon gross income.

They also suggest that this Court has interpreted the statute and pointed out its real nature. *Northwestern Mutual Life Ins. Co. v. State of Wisconsin,* 247 U. S. 132, 137. Speaking there of this same statute we did declare: "The tax in question is, therefore, not only one for the privilege of doing life insurance business within the State, but is in effect a commutation tax, levied by the State in place of all other taxation upon the personal property of

the company in the State of Wisconsin." But no question was then raised concerning taxation of income derived from United States bonds. The point now presented was not involved.

It cannot be denied (and denial is not attempted) that bonds of the United States are beyond the taxing power of the states. *Home Savings Bank* v. *City of Des Moines,* 205 U. S. 503, 509; *Farmers & Mechanics Bank* v. *Minnesota,* 232 U. S. 516; and *First National Bank* v. *Anderson,* 269 U. S. 341, 347. Certainly since *Gillespie* v. *Oklahoma,* 257 U. S. 501, 505, it has been the settled doctrine here that where the principal is absolutely immune, no valid tax can be laid upon income arising therefrom. To tax this would amount practically to laying a burden on the exempted principal. Accordingly, if the challenged Act, whatever called, really imposes a direct charge upon interest derived from United States bonds, it is *pro tanto* void.

The fundamental question, often presented in cases similar to these, is whether by the true construction of the statute the assessment must be regarded as a tax upon property or one on privileges or franchise of the corporation. *Society for Savings* v. *Coite,* 6 Wall. 594; *Home Insurance Co.* v. *New York,* 134 U. S. 594.

Section 76.34 undertakes to impose a charge not measured by dividends paid, as in *Home Insurance Co.* v. *New York,* 134 U. S. 594, nor by net income, as in *Flint* v. *Stone Tracy Co.,* 220 U. S. 107; and those cases are not controlling. The distinction between an imposition the amount of which depends upon dividends or net receipts and one measured by gross returns is clear. *U. S. Glue Co.* v. *Town of Oak Creek,* 247 U. S. 321, 328, and earlier opinions there cited.

It is important to observe that although a state statute may properly impose a charge which materially affects in-

terstate commerce, without so unreasonably burdening it as to become a regulation within the meaning of the Constitution, no state can lay any charge on bonds of the United States. This distinction was adverted to in *Gillespie* v. *Oklahoma*, 257 U. S. 501, 505, and the principle found application in *Choctaw & Gulf R. R. Co.* v. *Harrison*, 235 U. S. 292, and *Indian Territory Ill. Oil Co.* v. *Oklahoma*, 240 U. S. 522. The power to tax property necessary to the conduct of interstate commerce has been often upheld; and without doubt the states by apt enactments may tax the ordinary property, franchises or business of their own corporations.

A taxing act which requires payment of a certain percentage of the gross earnings of an interstate carrier but which practically imposes no more than the ordinary charge upon local property may be sustained. *U. S. Express Co.* v. *Minnesota*, 223 U. S. 335, *Cudahy Packing Co.* v. *Minnesota*, 246 U. S. 450. But if the enactment goes further and burdens property beyond the state, as in *Union Tank Line Co.* v. *Wright*, 249 U. S. 275, or amounts to a direct imposition upon interstate commerce itself, as in *Galveston Ry. Co.* v. *Texas*, 210 U. S. 217, or lays an impost upon exports, as in *Crew Levick Co.* v. *Pennsylvania*, 245 U. S. 292, it violates the Federal Constitution.

Here the statute undertook to impose a charge of 3 per cent. upon every dollar of interest received by the Company from United States bonds. So much, in any event, the State took from these very receipts. This amounts, we think, to an imposition upon the bonds themselves and goes beyond the power of the State.

The judgment below is reversed; and the cause will be remanded to the Supreme Court of the State of Wisconsin for further proceedings not inconsistent with this opinion.

*Reversed.*