## INTERNATIONAL SHOE COMPANY *v.* SHARTEL, ATTORNEY GENERAL OF MISSOURI, ET AL.

No. 579.   Argued April 25, 1929.—Decided May 13, 1929.

*Messrs. Guy A. Thompson* and *James D. Williamson,* with whom *Messrs. Frank A. Thompson* and *R. E. Blake* were on the brief, for appellant.

*Mr. Walter E. Sloat, pro hac vice,* by special leave of Court, with whom *Messrs. Stratton Shartel,* Attorney General of Missouri, *Lieutellus Cunningham,* and *Smith B. Atwood,* Assistant Attorneys General, were on the brief, for respondents.

*Mr. Guy A. Thompson* filed the brief of *Mr. John F. Green,* as *amicus curiae,* by special leave of Court.

MR. JUSTICE STONE delivered the opinion of the Court.

This is a direct appeal under § 266 of the Judicial Code from an order of a district court of three judges for the Western District of Missouri, denying an interlocutory injunction restraining the appellees, state tax officials, from levying and collecting certain franchise taxes assessed under the Corporation Annual Franchise Tax of Missouri, 29 F. (2d) 604. The case involves, among others, the questions this day decided in *New York* v. *Latrobe, ante,* p. 421.

Section 9836 of the Missouri Revised Statutes imposes an annual franchise tax upon both foreign and domestic corporations of 1/20th of 1% of the par value of their outstanding capital stock and surplus employed in business within the state. For the purpose of ascertaining the tax every corporation subject to it is "deemed to have employed" within the state "that proportion of its entire [outstanding] capital stock and surplus that its property and assets in this state bears to all its property and assets wherever located."

The Stock Corporation Act of the Missouri Laws of 1921, p. 661, first provided for the formation and regulation of corporations with stock of no par value. By § 12 of that act it was enacted that for the purpose of ascertaining any organization taxes imposed by the laws of the state, computed on the basis of the par value of shares of stock, each share of stock without nominal or par value should be considered the equivalent of a share having a par value of $100. In *State of Missouri* v. *Pierce Petroleum Corporation,* 318 Mo. 1020, the Supreme Court of Missouri held that this section supplemented and amended the earlier provisions of the franchise tax law of the state by prescribing the method of computing the tax, imposed by § 9836, in the case of corporations having non-par stock.

The tax was thus fixed in effect at the rate of not less than 5 cents on each share of non-par stock employed within the state regardless of its actual value.

Appellant is engaged in the business of manufacturing and selling shoes in both intrastate and interstate commerce. It has gross assets of more than $97,000,000, of which 54% are located in Missouri. It has 100,000 shares of preferred stock of the par value of $100 and 3,760,000 shares of non-par stock, for which latter it received $9.60 per share. The total paid in capital was thus $46,082,-631.09. Appellant alleges that prior to the enactment of § 12, its non-par stock was assessed on the basis of the amount paid for it. Cf. *State* v. *Freehold Investment Co.,* 305 Mo. 88, 103. But, applying the statute as interpreted by the state court in *State* v. *Pierce Petroleum Corp., supra,* the taxing authorities have assigned to appellant's outstanding non-par stock a value of $376,000,000, resulting in an increase of appellant's annual franchise tax from approximately $25,000 to a sum in excess of $100,000.

The market value of appellant's stock does not appear and no foundation is laid for assailing the tax as so excessive as to be a denial of due process, but appellant argues, as did respondent in *New York* v. *Latrobe, supra,* that the tax is a denial of the equal protection of the laws. For reasons, stated more at length in our opinion in that case, we conclude that the present statute does not infringe that clause of the Fourteenth Amendment. Although it directs that the tax be ascertained by assigning a specific value to the non-par stock, and applying to it the rate applicable to par value stock, the resultant inequalities do not differ from those complained of in that case where the tax was computed at a flat rate on non-par stock, used in the state, without assigning to it any value.

The assignment to the shares of a value in excess of their present worth or of the present value of the assets

within the state does not operate to tax property or business without the state. The tax is a privilege and not a property tax. Giving to the shares a specified value by which the tax is measured, only affects the rate of tax on the privilege and does not give the statute an extra-territorial effect. The result is the same as if a flat tax of 5 cents per share upon that part of the capital which is justly apportioned to the state had been imposed. So apportioned the tax cannot be said to reach the property or the franchise of the corporation without the state.

Other objections to the tax require but brief comment. The mere fact that a corporation is engaged in interstate commerce does not relieve it of local tax burdens in respect of its property within the state or its intrastate business. *Postal Telegraph Cable Co.* v. *Adams,* 155 U. S. 688, 696. Appellant does a substantial amount of local commerce. A franchise tax imposed on a corporation, foreign or domestic, for the privilege of doing a local business, if apportioned to business done or property owned within the state, is not invalid under the commerce clause merely because a part of the property or capital included in computing the tax is used by it in interstate commerce. *St. Louis-San Francisco Ry.* v. *Middlekamp,* 256 U. S. 226, 231 (ruling on the Missouri franchise tax); *Hump Hairpin Co.* v. *Emmerson,* 258 U. S. 290; *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113, 119; *St. Louis Southwestern Ry. Co.* v. *Arkansas,* 235 U. S. 350; *Kansas City, &c. Railway Co.* v. *Botkin,* 240 U. S. 227; *Kansas City, &c. R. R. Co.* v. *Stiles,* 242 U. S. 111; *Southern Railway Co.* v. *Watts,* 260 U. S. 519; cf. *United States Glue Co.* v. *Oak Creek,* 247 U. S. 321; *Shaffer* v. *Carter,* 252 U. S. 37. The tax is distinguishable from those considered in *Air-Way Electric Appliance Corporation* v. *Day,* 266 U. S. 71, *Looney* v. *Crane Co.,* 245 U. S. 178, and *Cudahy Packing Co.* v. *Hinkle,* 278 U. S. 460, which either

were measured by authorized instead of issued capital stock or were not limited to the part of the capital stock justly apportioned to the taxing state.

It is urged also that the Stock Corporation Act of 1921 violates § 28 of Article IV of the Missouri constitution, which provides that "no bill . . . shall contain more than one subject, which shall be clearly expressed in its title." The title of the Act in terms described it as authorizing corporations to make provision ". . . for the issue of either or both preferred or common shares without nominal or par value; regulating the same and such corporations; and prescribing the method of determining the number of shares and capital of corporations issuing shares in such manner."

It is said that as § 12 operates, by reference to the Franchise Tax Law, to change the tax on corporations having non-par stock, it is in effect a taxing act and hence its title does not clearly express the subject of the legislation. But its subject was the method of ascertaining the value of non-par shares for taxation and other statutory purposes, a subject matter clearly embraced in the title which described the legislation as "regulating" corporations having non-par stock and as "prescribing the method of determining . . . the capital of corporations" issuing such shares. The purpose of the constitutional provision is "to prevent the inclusion of incongruous and unrelated matters in the same measure and to guard against inadvertence, stealth and fraud in legislation," see *Posados* v. *Warner, Barnes & Co., ante,* p. 340; *Dickason* v. *County Court,* 128 Mo. 427, 441, and it is only necessary that the title indicate the subject so as to give notice of the general character of the legislation without entering into minute details. *Dickason* v. *County Court, supra,* at p. 441; *Garesche* v. *Roach,* 258 Mo. 541, 560; *Coca Cola Bottling Co.* v. *Mosby,* 289 Mo. 462, 472; *Barrett* v. *Imhof,* 291 Mo. 603, 619; *State* v. *Mullinix,* 301 Mo. 385, 389; *Missouri*

*Pacific R. R. Co.* v. *Danuser,* 6 S. W. (2d) 907. The title of the present act satisfies these requirements. One having but slight familiarity with earlier Missouri legislation would have known that upon the enactment of legislation dealing with corporations having a non-par stock, some method of assigning a value to such stock might appropriately be adopted in order to adapt and subject the new type of corporation to existing legislation. This purpose was plainly and sufficiently anticipated in the title of the present act. It was not necessary that the title should go further and indicate the earlier laws which were thus made applicable to the new type of corporation.

*Affirmed.*

Mr. Justice McReynolds thinks the effect of the statute is to tax property beyond the state.