[No. 26324. Department Two. January 6, 1937.]

PUGET SOUND STEVEDORING COMPANY, *Appellant*, v. THE STATE TAX COMMISSION *et al., Respondents.*[1]

[1]Reported in 63 P. (2d) 532.

*Grosscup, Morrow & Ambler,* for appellant.

*The Attorney General* and *E. P. Donnelly, Assistant,* for respondents.

HOLCOMB, J.—This is an appeal from a judgment dismissing, with prejudice, an action instituted to secure injunctive relief against the application to and enforcement against appellant of the so-called ''Business and Occupation Tax Laws'' as contained in chapter 191, Laws of 1933, p. 869, as amended and added to by chapter 57, Laws of 1933, Ex. Ses., p. 157, and chapter 180, Laws of 1935, p. 706 (Rem. Rev. Stat. (Sup.), § 8370-1 *et seq.)*

In asserting that the business and occupational tax laws are not applicable to appellant, it is argued that appellant's business activities are within the exclusive jurisdiction and control of the Federal government, inasmuch as the tax, if enforced against appellant, would amount to a burden, hindrance and obstruction upon interstate and foreign commerce contrary to Art. I, § 8, of the United States constitution; and further that the imposition of the tax upon appellant would constitute a denial of equal protection of the laws in violation of the fourteenth amendment to the constitution of the United States and of Art. I, § 12, of our state constitution, in that the tax could not be imposed upon shipowners doing their own stevedoring instead of employing the services of an independent contractor, such as appellant. It is finally claimed that the imposition of the tax would deprive appellant of its property without due process of law in violation of the fourteenth amendment to the constitution of the United States and Art. I, § 3, of the constitution of this state, in that such tax is arbitrary, unreasonable, excessive and confiscatory.

Appellant, a Washington corporation, is now

and for some years past has been engaged solely in the business of stevedoring at different ports within the state. It carries on its business by means of contracts which it makes with shipowners or shipmasters. These contracts are of three types; the first two provide for loading cargo on or discharging it from a ship, appellant employing the stevedores over whom it exercises control and whose operations it directs under general instructions and supervision of the ship's master. These contracts differ only in the method of determining the compensation to be paid appellant. By the third type of contract, appellant, for a consideration, merely supplies the stevedores, who work under the direction and complete supervision of the ship's officers, appellant advancing the pay to the laborers and thereafter collecting from the shipowner or master the amount of the payrolls, plus commission for services. Under the first two types of contracts, the winches and steam for operating them, the booms, cargo-falls and other deck appliances are usually supplied from the ship, while the slings, trucks and other cargo handling equipment are furnished by appellant.

All the cargo handled under all three types of contracts moves in either interstate or foreign commerce or both, and most of it is loaded on or unloaded from vessels flying foreign flags. The men hired by or through the company work on the ship or dock, or both. A further fact to be noted is that some shipowners employ stevedores without engaging the services of a stevedoring company and in some instances the ship's crew does the stevedoring work.

We are satisfied that the record fully supports respondent's contention that appellant makes its contracts and renders its services thereunder as an independent contractor. *Standard Oil Co. v. Anderson,* 212 U. S. 215, 29 S. Ct. 252, 53 L. Ed. 480.

The real question, however, is whether the excise tax constitutes such a burden on interstate and foreign commerce as to violate the Federal constitution.

1 Cooley on Taxation, 4th ed., § 374, says:

"To warrant interference with the exercise of the taxing power of a state on the ground that it obstructs or hampers interstate commerce, it must appear that the burden is direct and substantial and not merely incidental and fortuitous. A tax is not invalid merely because it affects interstate commerce and impedes the transit of persons and property from one state to another 'just in the same way, and in no other, that taxation of any kind necessarily increases the expenses attendant upon the use or possession of the thing taxed.' "

To the same effect is 14 Fletcher on Corporations (Rev. ed.), 431. Both of these texts cite numerous decisions from the United States supreme court.

Appellant argues that as it actually participates in the movement of interstate and foreign commerce, and as the tax is upon the gross receipts from such commerce, it is a direct tax upon every ton of cargo moved and, hence, is unconstitutional according to *McCall v. California,* 136 U. S. 104, 10 S. Ct. 881; *Texas Transport & Terminal Co. v. New Orleans,* 264 U. S. 150, 44 S. Ct. 242, 34 A. L. R. 907, and *Di Santo v. Pennsylvania,* 273 U. S. 34, 47 S. Ct. 267. Without detailing the facts of these three cases it is noted that each involves the imposition of a license tax directly upon the carrier of interstate and foreign commerce. In this case, the tax is not imposed upon, or because of the kind of business appellant is engaged in, but rather upon the act or privilege of engaging in business activities without regard to its kind or nature.

A review of most of the authorities cited by counsel for both parties would lengthen this opinion unduly and is not necessary. We shall base our decision upon

a few cases by the United States supreme court which are controlling in principle.

Bearing in mind that the business and occupational tax contained in the state revenue act imposes, indiscriminately, an excise tax upon every person for the privilege of doing business in this state; that appellant is a domestic corporation operating an'independent business entirely within this state; that the tax is not upon imports, exports or interstate or foreign commerce, and that appellant is not a necessary factor in such commerce, but has built up and renders an independent service which is advantageous to those who actually form a necessary and component part or link in such commerce, it is inconceivable that the imposition of such an excise conflicts or is inconsistent with any Federal or state constitutional provision.

In *Ficklen v. Shelby County Taxing Dist.*, 145 U. S. 1, 12 S. Ct. 810, that court affirmed a judgment of the supreme court of Tennessee, sustaining a law of that state providing for a tax upon brokers and all persons not having a regularly licensed house of business in the taxing district of Shelby county to pay a tax of ten dollars per week, or twenty-five dollars per month for such privilege. The court said:

"No doubt can be entertained of the right of a state legislature to tax trades, professions and occupations, in the absence of inhibition in the state constitution in that regard; and where a resident citizen engages in general business subject to a particular tax the fact that the business done chances to consist, for the time being, wholly or partially in negotiating sales between resident and non-resident merchants, of goods situated in another State, does not necessarily involve the taxation of interstate commerce, forbidden by the Constitution.

"The language of the court in *Lyng v. State of Michigan*, 135 U. S. 161, 166, was: 'We have repeatedly held that no State has the right to lay a tax on

interstate commerce in any form, whether by way of duties laid on the transportation of the subjects of that commerce, or on the receipts derived from that transportation, or on the occupation or business of carrying it on, for the reason that such taxation is a burden on that commerce, and amounts to a regulation of it, which belongs solely to Congress.' But here the tax was not laid on the occupation or business of carrying on interstate commerce, or exacted as a condition of doing any particular commission business; and complainants voluntarily subjected themselves thereto in order to do a general business. . . .

"It is well settled that a State has power to tax all property having a *situs* within its limits, whether employed in interstate commerce or not. It is not taxed because it is so employed, but because it is within the territory and jurisdiction of the State. *Pullman's Palace Car Co. v. Pennsylvania,* 141 U. S. 18; *Gloucester Ferry Co. v. Pennsylvania,* 114 U. S. 196."

In *Hump Hairpin Mfg. Co. v. Emmerson,* 258 U. S. 290, 42 S. Ct. 305, it was held that a state law of West Virginia providing for taxing foreign corporations for the privilege of doing local business, which based the tax upon the capital stock actually represented by property located and business transacted within the state, plainly intending not to tax interstate commerce, reasonable as to amount and free from discrimination in favor of local corporations, is not unconstitutional merely because a trifling part resulted from inclusion of interstate business in the basis of computation. Among other things, the court there said:

"While a state may not use its taxing power to regulate or burden interstate commerce [citing cases], on the other hand it is settled that a state excise tax which affects such commerce, not directly, but only incidentally and remotely, may be entirely valid where it is clear that it is not imposed with the covert purpose or with the effect of defeating federal constitutional rights."

Several cases are cited to sustain that principle, and the court then continued:

"The turning point of these decisions is, whether in its incidence the tax affects interstate commerce so directly and immediately as to amount to a genuine and substantial regulation of, or restraint upon it, or whether it affects it only incidentally or remotely so that the tax is not in reality a burden, although in form it may touch and in fact distantly affect it."

The United States supreme court sustained the law, which has been sustained by this court, in *Pacific Tel. & Tel. Co. v. Tax Commission,* 297 U. S. 403, 56 S. Ct. 522, and several kindred cases, in which that court held that a state tax upon a local privilege only must be held valid in the absence of proof that it imposes an undue burden upon interstate commerce, since the question of constitutional validity is not to be determined by artificial standards, but an alleged indirect tax must be judged by its practical operation. It reiterated that, while a state may tax the privilege of engaging in local business, it may not tax the privilege of engaging in interstate commerce, and any tax laid directly upon the privilege is void, even in the absence of legislation by Congress or a finding of prejudice.

These cases control, and it is needless to go further afield in our inquiry.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, BEALS, and TOLMAN, JJ., concur.