Weygandt, C. J.
 

 The appellant insists that the decision of the Board of Tax Appeals is unreasonable and unlawful for two reasons.
 

 Its first contention is that it is not subject to the corporation franchise tax or fee imposed by Sections 5498 and 5499, General Code; and this is based on the view that it is not among those corporations referred to in the latter section which provides in part that “on or before June 15th the auditor of state shall charge for collection from
 
 each such corporation
 
 a fee * * (Italics supplied.) Patently this reference is to the cognate provisions of Sections 5495 and 5495-2, General Code, likewise originally enacted in substantially their present form in 1927 (112 Ohio Laws, 410) in an act entitled, “An Act to provide for the determination, charging and collection of a corporation franchise tax for the privileges of exercising - the corporate, franchise and of doing business within this state * * Section 5495 reads in part as follows:
 

 “The tax provided by this act for * * * foreign corporations shall be the fee charged against each corpo
 
 *297
 
 ration organized for profit under the laws of any state or country other than Ohio, except as provided herein, for the privilege of doing business in this state or owning or using a part or all of its capital or property in this state or for holding a certificate of compliance with the laws of this state authorizing it to do business-in this state, during the calendar year in which such fee is payable. ’ ’
 

 The appellant does not claim the benefit of any exception or exemption provided in this act.
 

 Likewise, Section 5495-2 provides in unambiguous language as follows:
 

 ■ “Annually, between the first day of January and the-thirty-first day of March * * * each foreign corporation for profit, doing business in this state or owning or using a part or all of its capital or property in this state,, or having been authorized by the Secretary of State to transact business in this state, shall make a report in writing to the Tax Commission in such form as the. commission may prescribe.”
 

 The broad terms of these sections leave no doubt as to their applicability to the appellant which concededly is doing business in this state and is using part of its property in this state. The appellant relies upon the conceded fact that it is a public utility engaged in interstate commerce and therefore is not required to ob-. tain a license from the Secretary of State. Uoweveiy in order to be liable for this tax it is not necessary that the appellant exercise all three of the enumerated privileges. The General Assembly has employed the disjunctive “or” and has indicated plainly that the tax is imposed for the exercise of any one or more of the three privileges. Then, too, in the first two paragraphs of the syllabus in the case of
 
 Aluminum Co. of America
 
 v.
 
 Evatt, Tax Commr.,
 
 140 Ohio St., 385, 45 N. E. (2d), 118, this court said:
 

 “1. The franchise tax levied pursuant to Sections
 
 *298
 
 5498 and 5499, General Code, on a foreign corporation is for the privilege of doing business in this state or owning a part or all of its capital or property in this Mate or for holding a certificate of compliance with the laws of this state authorizing it to do business in this state. (Section 5495, General Code.)
 

 “2. ‘Doing business’ in this state is only a part of the privilege taxed under Section 5495, General Code. The tax also covers the privilege of owning a part or all of the foreign corporation’s capital or property in this state as well as the privilege of holding a certificate of compliance with the laws of this state.”
 

 The appellant complains further that it already pays a franchise tax under the requirements of Section 5462
 
 et seq.,
 
 General Code. However, a study of the provisions of those sections demonstrates that the tax there imposed is not a franchise tax but a property tax.
 

 The appellant contends also that it is entitled to the protection of Section 8625-3, General Code, which reads in part as follows:
 

 ‘ ‘
 
 This act
 
 shall not apply to * * *• public utility companies engaged in this state in interstate commerce.” (Italics supplied.)
 

 This provision of the separate, so-called Foreign Corporation Act relates simply to the obtaining of a certificate of compliance in order to engage in business in Ohio and makes no reference to the payment of' the franchise tax.
 

 The appellant’s second reason for insisting that the decision of the Board of Tax Appeals is unreasonable and unlawful is the inclusion in the tax base of the amount of its interstate business arising in Ohio. It is contended that the General Assembly did not provide for the inclusion in the franchise tax base of moneys received by the appellant in Ohio in payment for its service of furnishing accommodations for interstate journeys by railroad. However, it is to be ob
 
 *299
 
 served that one of the privileges taxed is that of “doing business in this state or owning or using a part or all of its capital or property in this state.” Neither interstate nor intrastate business is mentioned. The provision is general, and there is no more reason for inferring an exclusion of interstate business than intrastate. . This court so held in the case of
 
 Aluminum Co. of America
 
 v.
 
 Evatt, Tax Commr., supra.
 

 The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and must be affirmed.
 

 Decision affirmed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.