272

AMERICAN AIRLINES, INC., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 69-411—Decided March 25, 1970.)

*Messrs. Dargusch & Day, Mr. Roger F. Day* and *Mr. L. Orin Slagle, Jr.*, for appellant.

*Mr. Paul W. Brown*, attorney general, and *Mr. R. A. Malrich*, for appellee.

O'NEILL, acting C. J.  Section 5733.01, Revised Code, provides, in pertinent part:

"* * * the tax * * * for foreign corporations" shall be (1) *"for the privilege of doing business in this state,* [2] *owning or using a part or all of its capital or property in this state, or* [3] *holding a certificate of compliance with the laws of this state authorizing it to do business in this state during the calendar year in which such fee is payable."* (Emphasis added.)

This tax or fee may be constitutionally levied upon any one of those three alternative privileges set forth in Section 5733.01, Revised Code. *Aluminum Co. of America* v. *Evatt* (1942), 140 Ohio St. 385; *Pullman Co.* v. *Evatt* (1944), 144 Ohio St. 295; *Cooper-Jarrett, Inc.,* v. *Porterfield* (1968), 15 Ohio St. 2d 54.  It is conceded that the appellant exercises all three of the alternative privileges which are made a basis for the imposition of the franchise tax.

The sole issue in the instant case is whether the Board of Tax Appeals used a reasonable and lawful method to measure the value of the "business done" in this state by a foreign corporation in applying the formula set forth in Section 5733.05, Revised Code, for the determination of the franchise tax.

The appellant argues that it is a service enterprise engaged in transporting passengers and cargo by air carrier and, therefore, the value of its "business done" in Ohio should be determined by a formula designated "Revenue/Ton/Miles."  The value of "business done" in Ohio,

by applying this formula, is arrived at by adding the total distance flown inside the borders of Ohio on all of appellant's flights, measured from the instate take-off point of origin of each flight or the instate landing destination of each flight to the point where each flight leaves or enters the state, and multiplying this total by the total weight of the cargo and passengers* carried on all such flights.

The appellant argues that a formula which measures the value of its "business done" in Ohio in a way which is not directly related to the within Ohio distance of its flights originating and/or terminating in Ohio and the cargo and passengers carried on these flights is unreasonable and unlawful.

The "Revenue/Ton/Miles" formula takes no account of appellant's flights over Ohio not originating or terminating in the state or of tickets sold at appellant's Ohio airport and downtown offices to Ohio residents and others for air transportation, all or a portion of which flights take place outside the state.

The formula to measure the value of "business done" in Ohio, used by the Board of Tax Appeals, was determined to be reasonable and lawful by this court in *Pullman Co.* v. *Evatt, supra* (144 Ohio St. 295); *Cooper-Jarrett, Inc.,* v. *Porterfield, supra* (15 Ohio St. 2d 54); and *Aluminum Co. of America* v. *Evatt, supra* (140 Ohio St. 385). See paragraph three of the syllabus in *Aluminum Co. of America.*

Paragraphs three and four of the syllabus in the *Pullman Co. case, supra,* read as follows:

"3. A foreign corporation doing a sleeping car business in this state and using part of its property in this state is liable for such tax although such corporation is a public utility engaged in interstate commerce and therefore not required to obtain a license from the Secretary of State.

"4. In the determination of the base for such tax the

---

*In summer each passenger's weight is considered to be 165 pounds and in winter it is considered to be 175 pounds.

amount of such corporation's interstate business arising in this state should be included.''

The use of interstate sales of a foreign corporation doing business in Ohio to measure the value of ''business done in this state'' has been judicially sanctioned in the following cases: *Aluminum Co. of America* v. *Evatt, supra,* and *International Harvester Co.* v. *Evatt* (1945), 146 Ohio St. 58, affirmed by the United States Supreme Court, 329 U. S. 416, 91 L. Ed. 390. The third paragraph of the syllabus in the *International Harvester case, supra,* reads as follows:

''In computing the numerator of the business-done fraction under Section 5498, General Code [Section 5733.-05, Revised Code], the Tax Commissioner may not be required to deduct therefrom (a) the value of goods sold during the preceding year in interstate commerce or (b) raw materials shipped from outside the state, whether partially fabricated or not, and used in the manufacturing process during the preceding year. (*Aluminum Co. of America* v. *Evatt,* 140 Ohio St. 385, approved and followed.)''

Upon appeal to the United States Supreme Court, Mr. Justice Black, in the majority opinion, stated (329 U. S. 416), at page 421:

'' * * * Of course, the commerce clause does not bar a state from imposing a tax based on the value of the privilege to do to an intrastate business merely because it also does an interstate business. * * * Nor does the fact that a computation such as that under Ohio's law includes receipts from interstate sales affect the validity of a fair apportionment. * * * ''

The proceeds of sales in interstate commerce were also used as one of the elements in determining the tax base for the Illinois franchise tax in the case of *Hump Hairpin Mfg. Co.* v. *Emmerson* (1922), 258 U. S. 290, 66 L. Ed. 622. See opinion by Mr. Justice Clarke, at page 294, wherein he states that ''it is well settled that a state excise tax which affects such [interstate] commerce, not directly, but only incidentally and remotely may be entirely valid.''

The use of the receipts from airline passenger tickets issued in Ohio for both intrastate and interstate flights as a measure of the value of "business done" in Ohio for the purpose of computing the Ohio franchise tax is neither unreasonable nor unlawful.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

LEACH, COLE, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for TAFT, C. J.

COLE, J., of the Third Appellate District, sitting for MATTHIAS, J.