LITTON INDUSTRIAL PRODUCTS, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Litton Indus. Products, Inc. *v.* Limbach (1991), 58 Ohio St. 3d 169.]

(No. 90-424—Submitted January 9, 1991—Decided March 27, 1991.)

*Calfee, Halter & Griswold, Marc L. Oberdorff* and *Joseph A. Castrodale,* for appellant.

*Lee I. Fisher,* attorney general, and *James C. Sauer,* for appellee.

*Per Curiam.* According to R.C. 5733.04(I)(1), as it read at the time pertinent herein, a taxpayer may deduct from Ohio net income "* * * any net operating loss incurred in any taxable yea[r] * * *. This deduction * * * shall be carried over and allowed * * * until fully utilized in the next succeeding taxable year or years in which the taxpayer has net income, but in no case for more than five consecutive years after the taxable year in which the net operating loss occurs." The surviving corporation in a merger may take the net operating loss deduction because it may do so under Section 381, Title 26, U.S. Code. *Gulf Oil Corp.* v. *Lindley* (1980), 61 Ohio St. 2d 23, 15 O.O. 3d 42, 398 N.E. 2d 790, paragraph one of the syllabus.

Industrial maintains that it may deduct the loss generated in fiscal (and taxable) year 1974 because it was a taxpayer then and incurred the loss then. However, we agree with the commissioner, who convincingly argues that the precise wording of the statute does not permit the deduction.

The franchise tax, an excise tax, taxes corporations for the privilege of doing business in Ohio in corporate form. R.C. 5733.01(A). Under R.C. 5733.01(B), a corporation becomes subject to this tax on the first day of January of the calendar year that it is so organized. Thus, a corporation pays a tax for the ensuing year if it is organized to do business in Ohio on January 1 of that year.

R.C. 5733.04(B) defines "taxpayer" as "* * * a corporation subject to the tax imposed by this chapter"; R.C. 5733.04(F) defines "tax year" as "* * * the calendar year in and for which the tax provided by * * * [the franchise tax] chapter is required to be paid"; and R.C. 5733.04(E) defines "taxable year" as "* * * the year or portion thereof upon the net income of which the value of the taxpayer's issued and outstanding shares of stock is determined or the year at the end of which the total value of the corporation is determined."

R.C. 5733.05 directs the calculation of the value of the taxpayer's

issued and outstanding shares of stock, on which the tax is based, on either the net worth or net income basis. R.C. 5733.05(B) provides that:

"The sum of the corporation's net income, during the year or portion thereof preceding the date of commencement of its annual accounting period that includes the first day of January of the tax year [shall be allocated or apportioned to Ohio] * * *."

Under this language, a corporation measures the tax, if on the net income basis, on the net income received in the year preceding the annual accounting period that contains January 1 of the tax year. So, the 1975 tax year would measure net income in the preceding, namely, 1974, accounting period to calculate the 1975 tax.

Had Medical existed on January 1, 1975, this accounting period would have been for the fiscal and taxable year ending July 28, 1974. But, Medical was not in business on January 1, 1975. Thus, the fiscal year ending July 28, 1974 was not a taxable year for it under R.C. 5733.04(I)(1); consequently, these losses did not occur in a taxable year and cannot be deducted. Despite Medical's incurring of a net operating loss, the franchise tax does not recognize the loss as a deduction. Therefore, neither it nor its successor may deduct the loss.

As support for its argument, Industrial cites *Ben Tom Supply Co.* v. *Lindley* (Sept. 2, 1976), BTA No. E-21, unreported. There, the BTA, in similar circumstances, allowed the deduction. However, neither party in *Ben Tom Supply Co.* asserted that, and the BTA did not address whether, a surviving corporation succeeded to the net operating loss that a defunct corporation incurred in a nontaxable year. Thus, the BTA did not address the question at hand. Moreover, the commissioner here allowed Industrial to deduct the 1973 loss, which Medical incurred in a taxable year.

Finally, we note that the General Assembly has recently provided for future mergers of this type. Under R.C. 5733.053 (Am. Sub. H.B. No. 111, effective July 1, 1989), the transferee in a merger must report the transferor's net income and may apply the transferor's net operating loss against net income.

Accordingly, we affirm the BTA's decision. Medical did not incur the disputed loss in a taxable year; consequently, no recognizable loss existed for Industrial to inherit.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.