**LSDHC CORPORATION, APPELLEE, *v.* ZAINO, TAX COMMR., APPELLANT.**

**LEAR SIEGLER SEYMOUR CORPORATION, APPELLEE,  
*v.* ZAINO, TAX COMMR., APPELLANT.**

**[Cite as *LSDHC Corp. v. Zaino,* 98 Ohio St.3d 450, 2003-Ohio-1911.]**

(Nos. 2001–2073 and 2001–2074—Submitted January 8, 2003—Decided April 30, 2003.)

**LUNDBERG STRATTON, J.**

{¶ 1}  Federal law forbids state taxation of net income derived within the state by any person from interstate commerce if the person's business activity in the state during the taxable year is limited to specified activities.  P.L. 86–272, Section 381, Title 15 U.S.Code. The issue in these cases is whether the federal protection of a person's business activities shall be determined by business activities that occur during the calendar year for which the tax is imposed or by the business activities that occurred during the previous fiscal year, the taxable year by which the net income is measured.

{¶ 2}  We reverse the Board of Tax Appeals ("BTA") and hold that for franchise tax purposes, the time period for determining the applicability of P.L. 86–272 must be the same as the time period by which the net income base is measured.  Thus, the business activities that occurred during the taxable year used for calculating the net income base, i.e., the accounting year used for federal income tax purposes that ended prior to January first of the tax year, shall be used in determining for franchise tax purposes whether a person's activities are subject to P.L. 86–272, Section 381, Title 15, U.S.Code, which bars state taxation of net income under certain circumstances.  R.C. 5733.04(E) and R.C. 5733.031.

### Case No. 2001–2073

{¶ 3}  Rapistan Corporation, a Delaware corporation, sold all of its assets on December 16, 1991.  Prior to the sale, Rapistan was licensed to transact business in Ohio and maintained a customer service center in Brecksville.  After the sale, Rapistan changed its name to LSDHC Corporation, a name derived from Lear Siegler Diversified Holdings Corporation.  Although LSDHC conducted no business and owned no property in Ohio after the sale, it did not relinquish its license to transact business in Ohio.

{¶ 4}  LSDHC filed a return and paid Ohio franchise tax for franchise tax year 1993 based on net income.  The Tax Commissioner audited LSDHC for franchise tax year 1993, adjusted its net income, and assessed additional tax.  The commissioner used LSDHC's fiscal year July 1, 1991, to June 30, 1992, to determine net income for franchise tax year 1993.  LSDHC filed a petition for reassessment alleging, inter alia, that it did not engage in any business activity in Ohio during calendar years 1992 or 1993 and that Sections 381 through 384, Title 15, U.S.Code, P.L. 86–272, 73 Stat. 555 (1959) (hereinafter referred to as "P.L. 86–272") prohibited the imposition of any franchise tax measured by net income.

Case No. 2001–2074

{¶ 5} The assets of Lear Siegler Seymour Corporation, a Delaware corporation, were sold during January 1993. After the sale, Lear Siegler Seymour Corporation changed its name to LSSC Corporation ("LSSC"), and on January 20, 1994, it surrendered its license to transact business in Ohio. On January 1, 1994, LSSC owned no property and had no operations in Ohio.

{¶ 6} LSSC filed a return and paid Ohio franchise tax for franchise tax year 1994 in the minimum amount of $50. The Tax Commissioner audited LSSC for franchise tax year 1994, adjusted its net income, and assessed additional tax. The commissioner used LSSC's fiscal year July 1, 1992, to June 30, 1993, to determine net income for franchise tax year 1994. LSSC filed a petition for reassessment, alleging, inter alia, that because it did not engage in any business activity in Ohio during calendar year 1994, P.L. 86–272 prohibited the imposition of any franchise tax measured by net income.

## Common Facts

{¶ 7} The Tax Commissioner denied the petitions for reassessment filed by LSDHC and LSSC and both appealed to the BTA. The BTA reversed the commissioner, finding that P.L. 86–272 precluded the commissioner from imposing a franchise tax measured by net income.

{¶ 8} During the fiscal years used by the commissioner to make his assessment based on net income, the activities of both LSDHC and LSSC in Ohio exceeded those protected by P.L. 86–272.

{¶ 9} These causes are before the court upon appeals as of right. This court sua sponte consolidated these cases for hearing and decision.

{¶ 10} During the time periods under consideration, the Ohio franchise tax was imposed upon a foreign corporation "for the privilege of doing business in this state, owning or using a part or all of its capital or property in this state, or holding a certificate of compliance with the laws of this state authorizing it to do business in this state during the calendar year in which such amount is payable." Former R.C. 5733.01(A), 1985 Am.Sub.S.B. No. 121, 141 Ohio Laws, Part I, 309–310. In addition, R.C. 5733.01(B) provided, "A corporation is subject to the tax imposed by this chapter for each calendar year that it is so organized, doing business, owning or using a part or all of its capital or property, or holding a certificate of compliance on the first day of January of that calendar year."

{¶ 11} To be subject to the franchise tax a corporation does not need to exercise all the privileges enumerated in R.C. 5733.01, the exercise of any one of them is sufficient for the imposition of the tax. *Pullman Co. v. Evatt* (1944), 144 Ohio St. 295, 29 O.O. 445, 58 N.E.2d 766, paragraph two of the syllabus.

Therefore, foreign corporations such as LSDHC and LSSC that merely hold a license to transact business are subject to the franchise tax.

{¶ 12}  A corporation's Ohio franchise tax liability is measured by the value of the corporation's issued and outstanding shares of stock, which is determined either on the basis of its net income or its net worth.  R.C. 5733.05.  The amount of Ohio franchise tax paid by a corporation is the greater of the amounts calculated using the net income or net worth basis.  R.C. 5733.06.  In both of these cases, the Tax Commissioner used net income as the base for his assessments.  There also is a third alternative of a minimum tax of $50.  R.C. 5733.06(E).

{¶ 13}  LSDHC and LSSC (referred to collectively as "Lear Siegler") contend that P.L. 86–272, prohibits the imposition of the Ohio franchise tax based on net income for their franchise tax years 1993 and 1994, respectively.

{¶ 14}  P.L. 86–272 provides that "[n]o State, or political subdivision thereof, shall have power to impose, for any taxable year ending after September 14, 1959, a net income tax on the income derived within such State by any person from interstate commerce if the only business activities within such State by or on behalf of such person during such taxable year" consists of certain enumerated activities.  Section 381(a), Title 15, U.S.Code.

{¶ 15}  Although the Ohio franchise tax is based on net income, it is not a tax imposed on net income.  However, for the purposes of P.L. 86–272, that distinction is irrelevant, because Section 383, Title 15, U.S.Code defines "net income tax" as "any tax imposed on, or measured by, net income."

{¶ 16}  Franchise tax is paid for a tax year.  The term "tax year" was defined in former R.C. 5733.04(F) as "the calendar year in and for which the tax provided by this chapter is required to be paid."  1991 Am.Sub.H.B. No. 298, 144 Ohio Laws, Part III, 4421.  Thus, when the franchise tax is paid for tax year 1993, it is paid in 1993 for the calendar year 1993.

{¶ 17}  But a different year is used to determine the amount of the tax.  The net income base used to calculate the Ohio franchise tax for a given tax year is determined by using the net income resulting from operations "during the year or portion thereof preceding the date of commencement of its annual accounting period that includes the first day of January of the tax year."  Former R.C. 5733.05(B), 1993 Am.Sub. H.B. No. 152, 145 Ohio Laws, Part III, 4282.  In addition, former R.C. 5733.031(A) provided, "A taxpayer's taxable year is the same as its taxable year for federal income tax purposes."  Id. at 4287.  Thus, the net income used to calculate the franchise tax for a given tax year is the net income for the accounting period used for federal income tax purposes that ended prior to January 1 of the tax year.

{¶ 18} Lear Siegler argues that P.L. 86–272 prohibits the imposition of the Ohio franchise tax, because it owned no property and it was not doing business in Ohio on January 1 of the relevant franchise tax year. P.L. 86–272 does prohibit the imposition of a tax measured by net income if the taxpayer's business activities during the taxable year did not exceed those enumerated in P.L. 86–272. Admittedly, the business activities of LSDHC on January 1, 1993, and those of LSSC on January 1, 1994, did not exceed the business activities enumerated by P.L. 86–272. However, during the taxable years used to determine net income, Lear Siegler's business activities in Ohio exceeded those protected by P.L. 86–272.

{¶ 19} Lear Siegler's concentration on the January 1 date ignores this court's statement that "[t]he tax is not on doing business; the tax is levied on holding a corporate franchise which enables the corporation to do business in a corporate form." *Diamond Financial Holdings, Inc. v. Limbach* (1993), 67 Ohio St.3d 228, 231, 617 N.E.2d 670. In *Litton Indus. Prod., Inc. v. Limbach* (1991), 58 Ohio St.3d 169, 170, 569 N.E.2d 481, we stated that "a corporation pays a tax for the ensuing year if it is organized to do business in Ohio on January 1 of that year." Likewise, in *Diamond Financial Holdings, Inc. v. Limbach*, 67 Ohio St.3d at 231, 617 N.E.2d 670, we stated that a "corporation owes a franchise tax for the privilege of exercising its corporate franchise to do business in the ensuing tax year, whether it in fact does business in the ensuing year."

{¶ 20} As of January 1 of the contested franchise tax years, no one knew what Lear Siegler's activities in Ohio would be for the rest of the year. It would be impossible on January 1 of the tax year to determine whether the corporation's activities for the rest of the tax year would invoke the application of P.L. 86–272. Likewise, on January 1, it would be impossible to know the net income of a corporation for its taxable year that included January 1 of the tax year, which is why the amount of tax is based on a previous year. In *Cliffs Corp. v. Evatt* (1941), 138 Ohio St. 336, 347, 20 O.O. 442, 35 N.E.2d 144, we stated, "The amount of the franchise tax turns, then, on whether business was done by appellant 'during the year preceding the date of the commencement of its current annual accounting period' * * *," quoting G.C. 5498, a predecessor of R.C. 5733.05. When net income is used as the base for calculating the franchise tax, it is the net income amount from the accounting year that ended prior to January 1 of the tax year.

{¶ 21} Thus, a corporation that holds a license to transact business on January 1, but did not conduct any business and owned no property during the accounting year that ended prior to January 1 of the franchise tax year, would owe only the minimum franchise tax. However, even if a corporation owns no property and conducts no business on January 1 of the tax year, if it retains its

license to transact business, it may owe more than the minimum tax, depending on its net income during the accounting year that ended prior to January 1 of the franchise tax year. If such a corporation wants to avoid franchise tax it must surrender its license, that is, surrender the privilege that is taxed.

{¶ 22} P.L. 86–272 serves as a guide to determine whether the activities of a business will subject it to a net income tax. The question whether P.L. 86–272 is applicable to a franchise tax year is determined by the business's activities during the "taxable year," i.e., the year in which the income is earned. While P.L. 86–272 does not define "taxable year," that term refers to state taxation, and that term is defined for Ohio franchise tax purposes. Former R.C. 5733.04(E) defined "taxable year" as "the year or portion thereof upon the net income of which the value of the taxpayer's issued and outstanding shares of stock is determined or the year at the end of which the total value of the corporation is determined." 144 Ohio Laws, Part III, 4420. R.C. 5733.031(A) provides that a taxpayer's taxable year is its "taxable year for federal income tax purposes." And for federal income tax purposes, "taxable year" is defined as "the taxpayer's annual accounting period, if it is a calendar year or a fiscal year." Section 441(b)(1), Title 26, U.S.Code.

{¶ 23} Former R.C. 5733.02 provided that each foreign corporation for profit shall make an annual report to the Tax Commissioner. R.C. 5733.03(K) provides that the annual report shall include "[t]he taxpayer's net income during the year or portion thereof preceding the date of commencement of its annual accounting period that includes the first day of January of the tax year." 1985 Sub.H.B. No. 201, 141 Ohio Laws, Part I, 2579. That same language is carried over to R.C. 5733.05(B), which sets forth the method for calculating the franchise tax on the net income basis. Former R.C. 5733.05(B) used as the starting point for calculating the franchise tax based on net income "[t]he sum of the corporation's net income, during the year or portion thereof preceding the date of commencement of its annual accounting period that includes the first day of January of the tax year." 1993 Am.Sub.H.B. No. 152, 145 Ohio Laws, Part III, 4282.

{¶ 24} P.L. 86–272 provides, "No State * * * shall have power to impose, for any taxable year * * * a net income tax * * * if the only business activities * * * during such taxable year are * * * the following." P.L. 86–272 clearly requires that the taxable year and the business activities that generated the income be concurrent.

{¶ 25} One of the purposes of P.L. 86–272 was to provide a safe haven for businesses so they would know that as long as they did not exceed the protected activities of P.L. 86–272 during the taxable year they would not be subjected to a tax on net income. Whether a business's net income is protected by P.L. 86–272 must be examined in light of the activities during the taxable year in which that

net income was earned. The application of P.L. 86–272 is determined by the business activities during the taxable year, not on the basis of a single day at the beginning of the calendar year. In *E. Ohio Gas Co. v. Limbach* (1986), 26 Ohio St.3d 63, 67, 26 OBR 54, 498 N.E.2d 453, we stated, "Both the excise tax on public utilities and the franchise tax on corporations are levied on the exercise of a privilege and not on income, sales or receipts. Further, both taxes are based upon the results of an entire year of doing business and tax liability is not fixed until the end of that annual period * * *."

{¶ 26} To hold otherwise would eliminate the protection of P.L. 86–272. For instance, if the time period during which the net income is measured and the business activities considered for P.L. 86–272 were separated, a business could be taxed on net income earned during a year in which the activities did not exceed those protected by P.L. 86–272. Conversely, a business could escape tax on net income earned during a year in which its activities did exceed those protected by P.L. 86–272. There is nothing in P.L. 86–272 that prohibits a state from using the prior accounting year as the measure for the imposition of a tax measured by net income.

{¶ 27} For all of the foregoing reasons, we find the decision of the BTA to be unreasonable and unlawful and reverse it, and remand for resolution of remaining issues properly raised in the notices of appeal.

> Decisions reversed
> and causes remanded.

MOYER, C.J., RESNICK, F.E. SWEENEY, YOUNG and O'CONNOR, JJ., concur.

PFEIFER, J., dissents.

FREDERICK N. YOUNG, J., of the Second Appellate District, sitting for COOK, J.

---

**PFEIFER, J., dissenting.**

{¶ 28} Under Ohio law, a foreign corporation is required to pay a franchise tax for a particular tax year, i.e., a calendar year, if the corporation is simply authorized to do business in the state in that year. The actual transaction of business is not required. R.C. 5733.01. How the state computes how much tax a corporation must pay is a secondary question. In both of these cases, the extent of the entities' business activity in the particular calendar year was the mere possession of a certificate of compliance authorizing them to do business in Ohio.

{¶ 29} That would have been enough to trigger the franchise tax if we were dealing only with Ohio's tax code, but the appellees here gain protection of a federal statute, P.L. 86–272. That statute forbids a state to impose taxes "measured by net income" on entities with minimal specified business activities in

that state. Ohio's franchise tax is measured by net income. I agree with the Board of Tax Appeals that the appellees' business activities as of January 1 of the tax years in question were minimal, qualifying them for protection under P.L. 86–272.

{¶ 30} Ohio imposes its franchise tax because a corporation is authorized to do business in a particular calendar year. But the state must also clear the federal hurdle as to that calendar year. Only *after* that hurdle is cleared does the entity's previous fiscal year come into play, and that is only for the calculation of what is owed. The substantive question of *whether* tax is owed is answered by looking at the calendar year. The majority errs by looking beyond that.

---

Baker & Hostetler, L.L.P., and Edward J. Bernert; Pillsbury Winthrop, L.L.P., Jeffrey M. Vesely and Kerne H.O. Matsubara, for appellees.

Jim Petro, Attorney General, and Robert C. Maier, Assistant Attorney General, for appellant.